**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4177

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICKEY EDWARD RATTLER,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Bryson City. Lacy H. Thornburg,
District Judge. (CR-03-40)

Submitted: June 30, 2005           Decided: July 19, 2005

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Gretchen C. F. Shappert, United States Attorney, Jerry
W. Miller, Assistant United States Attorney, Asheville, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mickey Rattler appeals the 63-month sentence imposed after his conviction for an assault inflicting serious injury within the Eastern Band of the Cherokee Indian Reservation, in violation of 18 U.S.C. §§ 113(a)(6) & 1153 (2000).

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Rattler contends that his Sixth Amendment right to a jury trial was violated because he was sentenced on facts found by the court and not by the jury. Rattler did not object to his sentence in the district court based on Blakely, or United States v. Booker, 125 S. Ct. 738 (2005); therefore, we review for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). Because Rattler received a higher sentence than would have been permissible based only on the jury's findings, we vacate and remand Rattler's sentence for resentencing under an advisory guidelines system.[1] See Hughes, 401 F.3d at 547-49, 555-56 (finding that Hughes satisfied all three prongs of the plain error test set forth in United States v. Olano, 507 U.S. 725, 732 (1993), when he received a sentence substantially longer than the sentence permitted based

_____

[1]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Rattler's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

purely on the facts found by a jury, and that the court should exercise its discretion to recognize the error).

Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. Sentencing courts should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider the Guideline range, along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guideline range, the court should explain its reasons for departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2005). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

Rattler also argues that the restitution imposed by the district court is erroneous in light of Blakely. He argues that the court made factual findings by identifying the victims of the offense and the amount owed to each, and that after Blakely these findings must be made by a jury. We conclude that Rattler's restitution argument fails. Because there is no statutory maximum for restitution, the Sixth Amendment and Booker do not apply to

restitution ordered by the sentencing court.[2]  <u>United States v. Flaschberger</u>, 408 F.3d 941, 943 (7th Cir. 2005).  <u>See also</u> <u>United States v. Wooten</u>, 377 F.3d 1134, 1144 & n.1 (10th Cir.) (holding that <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely</u> do not apply to restitution orders) <u>cert. denied</u>, 125 S. Ct. 510 (2004).

Based on the foregoing, we affirm Rattler's conviction and the sentence as to the restitution order, vacate the remainder of the sentence, and remand for resentencing.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u><br>
<u>VACATED IN PART, AND REMANDED</u>

---

[2]<u>Booker</u> explained that the remaining provisions of the Sentencing Reform Act, which were left intact by the Court's holding, still require sentencing courts "to provide restitution to victims."  <u>Booker</u>, 125 S. Ct. at 765.

[3]Rattler did not challenge his conviction on appeal.

- 4 -