# United States Court of Appeals
## For the First Circuit

No. 02-1814

UNITED STATES,

Appellee,

v.

CHERYL A. BURNETTE,

Defendant, Appellant.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before

Lynch, <u>Circuit Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

<u>Cheryl A. Burnette</u> on supplemental brief pro se.

<u>Peter E. Papps</u>, Assistant United States Attorney, and <u>Thomas P. Colantuono</u>, United States Attorney, on supplemental brief for appellee.

September 9, 2005

**Lipez**, **Circuit Judge**.  In <u>United States</u> v. <u>Burnette</u>, 375 F.3d 10 (1st Cir. 2004), we affirmed Cheryl Burnette's conviction for wire fraud, 18 U.S.C. § 1343, and impersonation of a federal employee, 18 U.S.C. § 912.  We also affirmed her sentence, which included 24 months of imprisonment and three years of supervised release, with the special condition that she pay almost $50,000 in restitution.  Burnette then sought further review in the United States Supreme Court.  The Supreme Court vacated judgment and remanded the case to us for reconsideration in light of <u>United States</u> v. <u>Booker</u>, 125 S. Ct. 738 (2005), which was decided after we affirmed Burnette's conviction and sentence.  <u>See</u> <u>Burnette</u> v. <u>United States</u>, 125 S. Ct. 1406 (2005).  We invited supplemental briefing on whether the case should be remanded to the district court for resentencing in accordance with <u>Booker</u>.

Noting that she has already finished serving her prison term and has begun serving her term of supervised release, Burnette only poses <u>Booker</u> challenges to the restitution order and conditions of supervised release.[1]  Burnette failed to preserve either claim in the district court by arguing that the sentence was unconstitutional.[2]  <u>See</u> <u>United States</u> v. <u>Antonakopoulos</u>, 399 F.3d

---

[1]Burnette has waived any challenge to her sentence of incarceration, stating specifically in her brief that she does not want us to revisit that issue.

[2]In a supplemental brief, Burnette asserts that she preserved her <u>Booker</u> claim by arguing "in the District and the Circuit that the Guidelines and PSI Report were unconstitutional."  The two

68, 76 (1st Cir. 2005) ("The argument that a <u>Booker</u> error occurred is preserved if the defendant below argued <u>Apprendi</u> or <u>Blakely</u> error or that the Guidelines were unconstitutional.").

On appeal, Burnette's challenge to the conditions of supervised release is so inadequately developed that we deem it waived. <u>See</u> <u>United States</u> v. <u>Bongiorno</u>, 106 F.3d 1027, 1034 (1st Cir. 1997) (noting that "[w]e have steadfastly deemed waived issues raised on appeal in a perfunctory manner, not accompanied by developed argumentation").[3] We review her <u>Booker</u> challenge to the restitution order, which is somewhat more developed, for plain error. <u>See</u> <u>Antonakopoulos</u>, 399 F.3d at 75. To establish plain error, an appellant must point to (1) an error (2) that is plain and that both (3) affects substantial rights and (4) seriously affects the fairness, integrity or public reputation of judicial proceedings. <u>United States</u> v. <u>Olano</u>, 507 U.S. 725, 732, 736 (1993).

Burnette asserts that under the logic of <u>Booker</u> and the line of cases that preceded it, "restitution can be imposed only

---

documents that Burnette cites as evidence that she preserved her claim, however, do not appear to include any argument that the Guidelines were unconstitutional. In the absence of any other indication that Burnette challenged the constitutionality of her sentence in the district court, we treat her claim as unpreserved.

[3]Without authorization, Burnette submitted a reply brief which we will not consider. Burnette was bound by the terms of our order inviting one supplemental brief from each party. We do note, however, that the reply brief did not contain any argumentation on the issue of supervised release.

for an amount that has been proven to the Jury beyond a reasonable doubt or admitted by the defendant," and thus that the district court committed plain error when it imposed a restitution order based on its own loss calculation. We have not yet considered the applicability of Booker to the statutory provisions governing restitution orders.[4] Several of our sister circuits, however, have ruled that restitution orders imposed pursuant to statute do not implicate Booker for a variety of reasons, including the fact that there is no statutory maximum for such orders. See, e.g., United States v. Miller, ___ F.3d ___, 2005 WL 1993936, at *1 (8th Cir. Aug. 19, 2005); United States v. Sosebee, ___ F.3d ___, 2005 WL 1941286, at *8-9 (6th Cir. Aug. 12, 2005); United States v. Rattler, 2005 WL 1670257, at *1 (4th Cir. July 19, 2005) (unpublished); United States v. Bussell, 414 F.3d 1048, 1060 (9th Cir. 2005); United States v. George, 403 F.3d 470, 473 (7th Cir. 2005); cf. Booker, 125 S. Ct. at 764 (recognizing that the forfeiture statute remains "perfectly valid" post-Booker). Indeed, no circuit has held that Booker applies to restitution orders.[5]

---

[4]Although Antonakopoulos included a challenge to the amount of a restitution order, that challenge was based on the accuracy of the court's loss calculation rather than on constitutional principles. See 399 F.3d at 83-84 and n.13 ("The defendant presents no serious claim of Booker error as to restitution.").

[5] But see Susan R. Klein, The Return of Federal Judicial Discretion in Criminal Sentencing, 39 Val. U. L. Rev. 693, 722 n.138 (2005) (arguing that the logic of Booker extends to restitution orders imposed under the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A).

-4-

This case does not require us to decide the restitution issue definitively. To prevail on her claim, Burnette must demonstrate not only that there was an error, but that the error was plain. Even if there is an argument to be made that the district court erred in imposing the restitution order (and we are not suggesting that it did), that error certainly was not plain, and henceforth Burnette's claim fails.[6]

Accordingly, we direct the entry of judgment affirming both the conviction and the sentence.

**So ordered**.

---

[6]Burnette also complains about two issues unrelated to sentencing: her conviction based on the admission of certain evidence, and her unhappiness with appellate counsel. These claims, unlike her Booker claims, do not rest on an intervening change in the law. Rather, she seeks to relitigate issues which we have already decided. Although we have the power to "reexamine an issue that lies beyond the circumference of the Supreme Court's specific order" -- in this case, further consideration in light of Booker -- "[t]his power is to be exercised . . . only when its invocation is necessary to avoid extreme injustice." United States v. Estevez, ___ F.3d ___, 2005 WL 1969745, at *3 (1st Cir. Aug. 17, 2005) (internal quotation marks omitted). There is no injustice in refusing to reexamine a carefully considered decision based on the same arguments that we have already rejected.