NOT DESIGNATED FOR PUBLICATION

No. 113,324

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIAM D. MAY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. DAVIS, judge. Opinion filed April 8, 2016.
Affirmed.

*Catherine A. Zigtema*, of Law Office of Kate Zigtema, LC, of Lenexa, and *William D. May*, pro
se, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek
Schmidt*, attorney general, for appellee.


Before GREEN, P.J., BUSER, J., and HEBERT, S.J.


*Per Curiam*: William D. May appeals from an order of the district court denying
his K.S.A. 60-1507 motion after a preliminary nonevidentiary hearing. May argues that
his appointed 60-1507 counsel (Donald Smith) provided ineffective assistance by failing
to properly assert allegations of ineffective assistance of prior appellate counsel (Matthew
Edge), which May raised in his motion. He further complains Smith provided ineffective
assistance regarding May's new, facially untimely allegations of ineffective assistance of
his original trial counsel (Carl Cornwell).

1

We find no reversible error and affirm the judgment of the district court.

*Factual and Procedural Background*

In December 2009, a jury convicted May of reckless second-degree murder of his father and misdemeanor domestic battery against his mother. The district court sentenced May to 138 months' imprisonment and 180 days in jail, with 36 months' postrelease supervision.

May filed a direct appeal arguing the district court (1) failed to give a voluntary intoxication instruction, (2) failed to give his proposed instruction on favoritism or sympathy, and (3) violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This court affirmed May's convictions and sentences. *State v. May*, No. 104,606, 2012 WL 1352827 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1253 (2013). The appellate opinion described the circumstances surrounding May's convictions as follows:

> "May had been living in the basement of the home of his elderly parents, Margaret and Doyle May, for several months. Late one night, while his parents were beginning to retire to bed, May entered their upstairs bedroom with his guitar and a beer. A verbal altercation began. There is some question as to the reason for it.
> "Police officers were dispatched to a physical disturbance at the Mays' home because May was allegedly 'beating the hell out of' Doyle. When the officers arrived, Doyle was bleeding from his left ear. Although the cut was not serious, there was excessive blood as a result of Doyle taking a blood thinner medication, Coumadin. One officer testified that Doyle's shirt was ripped and the kitchen was splattered with blood. The Coumadin made it difficult for Doyle to stop bleeding. After the paramedics learned that Doyle was taking that medication, they attempted to take him to the hospital but he refused.

2

"The officers arrested May. After the paramedics left the home, Doyle and Margaret watched television in bed. A few hours later, Doyle seemed to be disoriented and complained of a headache. He went to the restroom and collapsed. Margaret called 911. When paramedics arrived, Doyle was barely conscious. Doyle received several X-rays and CAT scans. He slipped into a coma, which had resulted from a subdural hematoma. Physicians explained to the family that Doyle would not likely recover from the coma. The following day, at the family's request, Doyle was removed from life support and died." *May*, 2012 WL 1352827, at *1.

In April 2014, May filed a K.S.A. 60-1507 motion. May alleged his appellate counsel, Edge, was ineffective for failing to argue that his father's death was accidental. Specifically, May asserted Edge should have argued the following evidence supported grounds for relief: (1) The paramedics testified they observed during their initial interaction with Doyle that he had "no injuries" except for "a small scratch on [his] ear" and that he chose not to go to the hospital; (2) Doyle was taking the blood thinner medication, Coumadin; (3) Doyle had suffered an "injury to the forehead," or new injury, when Doyle collapsed in the restroom; and (4) his family made the decision to terminate life support.

In September 2014, the State filed a motion asking the district court to summarily deny May's K.S.A. 60-1507 motion. The State argued May's claims were meritless because (1) the Kansas Court of Appeals received the entire record on appeal in May's direct appeal, which included the testimony of the paramedics; (2) none of the facts May alleged in his motion would have bolstered the issues May raised on direct appeal; and (3) those same alleged facts did not bolster a sufficiency of the evidence claim given that at trial, the district court had already rejected May's request to dismiss the charge of second-degree murder due to the lack of evidence and also rejected a motion for new trial challenging the sufficiency of the evidence. Smith was appointed as May's K.S.A. 60-1507 counsel.

3

On December 2, 2014, the district court, at Smith's request, granted May a continuance to allow Smith to clarify the factual issues May was seeking to have addressed at an evidentiary hearing.

At a subsequent preliminary hearing on December 18, 2014, Smith noted he had spoken with May on several occasions since the district court granted a continuance but advised the district court May had informed him the past weekend he also had grievances against his trial counsel, Cornwell. Specifically, Smith stated May had complained Cornwell provided ineffective assistance by "advising against him testifying, which essentially made his mother's testimony unrefuted at trial," and "not properly advising him of the plea bargain that was available to him [and of] the conservative nature of Johnson County juries." The State reiterated its arguments from its motion to deny relief and argued that any new K.S.A. 60-1507 claims by May were untimely and there was no showing of manifest injustice. Smith did not further respond to the State's arguments.

The district court, after advising May he only had "one year to raise the claim against Mr. Cornwell, and that's gone," denied May's K.S.A. 60-1507 motion, finding "no triable issues" with respect to Edge's representation and that May's allegations against his trial counsel were "filed out of time." May appeals from this ruling.

*Issues Regarding Prior Appellate Counsel*

May's K.S.A. 60-1507 motion alleged only ineffective assistance of his prior appellate counsel, essentially complaining that Edge should have argued the evidence against him was insufficient to support his conviction for reckless second-degree murder. After the State filed a motion for summary denial of May's motion and after granting May's request for a continuance to allow Smith to clarify the factual issues raised by May, the district court conducted a nonevidentiary preliminary hearing. After hearing the

4

arguments of counsel, the district court dismissed May's 60-1507 motion, finding there were "no triable issues" with respect to Edge's representation.

In his brief appealing the denial of his motion, May does not specifically challenge this ruling or explain how the district court erred in dismissing the allegations of ineffective assistance of prior appellate counsel (Edge). Rather, he chooses to focus on his allegations regarding ineffective assistance of his 60-1507 counsel (Smith). May was not precluded from challenging the district court's finding that his allegations presented "no triable issues." This court would have been in a position to have considered the merits of May's claims based on the district court's ruling at the nonevidentiary preliminary hearing. See *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014). By failing to brief and argue this issue, May has waived and abandoned the very claims upon which his original K.S.A. 60-1507 motion was premised. See *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

Therefore, we affirm the district court's judgment denying May's claim of ineffective assistance of prior appellate counsel.

*Issues Regarding K.S.A. 60-1507 Counsel*

May focuses his entire appeal on his claims that his appointed 60-1507 counsel (Smith) was ineffective in advocating his motion and in failing to pursue his untimely grievances against his trial counsel (Cornwell).

First of all, we note the new claims regarding ineffective assistance of trial counsel were, indeed, facially untimely. They were not raised in the original 60-1507 motion and were not even suggested within the 1-year limitation set forth in K.S.A. 60-1507(f) and Supreme Court Rule 183(c)(4) (2015 Kan. Ct. R. Annot. 271). Such allegations do not appear to relate to any issue raised in the original motion; allegations regarding trial

counsel (Cornwell) would seem to be wholly distinct from the original allegations regarding prior appellate counsel (Edge). Thus, the district court's ruling, made on the record before him and after colloquy with May, was presumptively correct in disallowing the additional claims as "untimely." While May discusses timeliness and "relation back" issues somewhat obliquely in the context of his allegations of ineffective assistance, he does not directly challenge the propriety of the district court's ruling.

In any event, May faces what we determine to be an insurmountable procedural hurdle. The issue of ineffective assistance of 60-1507 counsel has never been raised in the district, court and, generally, we do not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. *Trotter v. State*, 288 Kan. 112, 127-28, 200 P.3d 1236 (2009); see *State v. Levy*, 292 Kan. 379, 388-89, 253 P.3d 341 (2011); *Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 (2009). An exception to this rule would allow our unlimited review as a matter of law if the transcripts included in the record on appeal adequately disclose the quality of assistance provided by May's 60-1507 counsel. See *Robertson v. State*, 288 Kan. 217, Syl. ¶¶ 5, 6, 201 P.3d 691 (2009).

In the present case, the transcripts and record on appeal fail to provide an adequate platform for appellate review and fail to establish why we should take up this issue for the first time. To do so would require us to make factual determinations without benefit of testimony and evidence and to weigh and speculate as to the reasons for 60-1507 counsel's strategic decisions. Such are not the functions of an appellate court. Thus, May has not preserved the issue for appeal.

May would propose we remand the case for further hearing in the district court pursuant to *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). The judicial economy to be achieved by a *Van Cleave* hearing is not present in a case such as this where the parties have now fully pursued the appellate process. May is not left without recourse by our rejection of his appeal. If independent inquiry and investigation disclose

6

a viable indication of ineffective assistance of trial counsel and the requisite supporting extraordinary circumstances and/or manifest injustice, he could, under proper circumstances, proceed with a subsequent K.S.A. 60-1507 motion. See *Levy*, 292 Kan. at 388-89.

On the record before us, the district court's disallowance of any new issues regarding the performance of trial counsel as untimely is affirmed.

Affirmed.