NOT DESIGNATED FOR PUBLICATION

No. 114,977

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RAFAEL SOTO-GONZALEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed November 18, 2016. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.


*Per Curiam*:  In this direct appeal, Rafael Soto-Gonzalez contends we should view his motion for a mistrial as a claim of ineffective assistance of counsel and remand for an evidentiary hearing on the matter. We do not reach the merits of his ineffective assistance of counsel claim which is raised for the first time on appeal, and we find no abuse of discretion in the district court's denial of his motion for mistrial. Therefore, we affirm.

1

*Factual and procedural background*

On June 28, 2014, Sergeant Shane Turner of the Kansas City Police Department stopped a vehicle for a traffic infraction. He approached the vehicle and saw a beer bottle inside, tipped over and still leaking. The driver did not have a driver's license but identified himself as Rafael Soto-Gonzalez. Turner arrested him and then searched him and found a small plastic baggie in the coin pocket of his pants. When Turner removed the baggie, Soto-Gonzalez said, "It's just a little bit of cocaine." A forensics lab examiner tested the substance and confirmed it was cocaine.

On June 30, 2014, the State charged Soto-Gonzalez with one count of possession of cocaine, one count of transportation of liquor in an opened container, and one count of driving without a valid driver's license. Soto-Gonzalez subsequently waived his right to a jury trial. At the bench trial, Soto-Gonzalez stipulated to the admissibility of the forensic lab report, as well as to its accuracy and its findings.

The State called Turner to testify and handed him the baggie of cocaine marked as State's Exhibit 1. Turner testified he had packaged the narcotics in the evidence bag, filled out the property card, and placed it in the bag. He said the baggie of cocaine was in substantially the same condition as when he packaged it.

The State then handed Turner the bottle of beer, State's Exhibit 2. Turner testified he had packaged the bottle by placing a rubber glove over its top because it was unsealed when he recovered it. He had also filled out the attached evidence tag. The State had no further questions for Turner, and defense counsel declined to cross-examine him. Turner was excused as a witness.

The State called no further witnesses but admitted the lab report and moved to admit Exhibits 1 and 2. Defense counsel objected, arguing that he had declined to cross-

examine Turner because those exhibits had not been offered or admitted into evidence. Defense counsel argued he normally would have asked several more questions of Turner, including questions regarding the chain of custody. The district court admitted the exhibits into evidence over his objection.

Defense counsel then asked to voir dire Turner to address the chain of custody issue, arguing:

> "I mean, the bottom line is these exhibits were not admitted by the State, and they said they would not call any other witnesses. That's what he told me. And he excused the officer. And so we have to have a corpus delict[i], as far as I understand the law, that you have to have the body of the crime. And . . . if you don't have the exhibits of the corpus delict[i], the body of a crime admitted on the record properly in a trial, I don't think they come in.
>
> "And so as a strategy, when I realized that he hadn't admitted the two exhibits that were crucial to both of those two counts, I elected to not let him proceed and try to fix his error by asking questions of Sergeant Turner. Because it's my understanding that . . . that window had closed, and that as a strategy I decided to go forward."

Defense counsel then moved for a mistrial.

The district court allowed defense counsel to call Turner in his own case-in-chief. He asked Turner whether any testing had been done on the liquid in the bottle, and Turner replied that none had been done to confirm the liquid was an alcoholic beverage. Defense counsel then questioned Turner about the chain of custody regarding the baggie and the bottle, and Turner explained how the evidence had been stored after it was recovered.

3

The district court admitted the exhibits, finding the chain of custody issue went to the weight and not the admissibility of the evidence. The district court then denied the motion for mistrial. The district court subsequently found Soto-Gonzalez guilty of possession of cocaine and of driving without a license. But the district court found Soto-Gonzalez not guilty of transportation of liquor in an opened container, finding the State had failed to prove beyond a reasonable doubt that the liquid in the bottle was an alcoholic beverage. The district court sentenced Soto-Gonzalez to 11 months' imprisonment, suspended the sentence, and ordered Soto-Gonzalez to serve 12 months' probation. Soto-Gonzalez timely appeals.

*Analysis*

Soto-Gonzalez contends we should view his motion for a mistrial as a claim of ineffective assistance of counsel and we should remand for an evidentiary hearing on the matter. His sole claim for relief is that State's Exhibit 1, the cocaine taken out of his pocket, should not have been admitted at trial. Soto-Gonzalez claims his trial counsel was ineffective because he "made a strategic decision to forego the questioning of Turner" which "essentially left [Soto-Gonzalez] without any defense to the primary charge of possession of cocaine."

*Ineffective Assistance of Counsel Claim*

Soto-Gonzalez asks this court to view the motion for mistrial as a claim of ineffective assistance of trial counsel "in the same fashion that a claim of ineffective assistance of counsel in an untimely filed motion for new trial is still properly before the district court," citing *State v. Reed*, 302 Kan. 227, 352 P.3d 530, *cert. denied* 136 S. Ct. 344 (2015).

*Reed*, however, is distinguishable from this case. Reed raised his claim of ineffective assistance of counsel in the district court—Soto-Gonzalez did not. Thus, we will address this as an issue raised for the first time on appeal.

Ordinarily, appellate courts do not address the merits of a claim of ineffective assistance of counsel for the first time on direct appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). But in limited circumstances we may do so. We have three options as to how to address such claims. *Reed*, 302 Kan. at 233.

"First, an appellate court may follow the general rule and decline to address the issue, leaving the defendant to pursue relief through a timely K.S.A. 60-1507 motion. See *State v. Levy*, 292 Kan. 379, 388-89, 253 P.3d 341 (2011). Second, the appellate court may remand to the district court for examination of the issue in further proceedings pursuant to *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). See *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014) ('The usual course of action is a request by appellate counsel for remand to district court for a hearing on the ineffective assistance claim.'). Finally, although rare, '"there are circumstances when no evidentiary record need be established, when the merit or lack of merit of an ineffectiveness claim about trial counsel is obvious," and an ineffectiveness claim can therefore be resolved' by an appellate court. 298 Kan. at 839 (quoting *Rowland v. State*, 289 Kan. 1076, 1084-85, 219 P.3d 1212 [2009]); see *State v. Carter*, 270 Kan. 426, 433, 14 P.3d 1138 (2000) (remand would serve no purpose where assessment by trial court unnecessary because record on appeal sufficiently complete for appellate court to decide issue)." 302 Kan. at 233-34.

We apply the general rule here and decline to address the issue, leaving the defendant to pursue relief, if any, through a timely K.S.A. 60-1507 motion.

The decision of whether to remand a case to the district court for a *Van Cleave* hearing is within the discretion of the appellate court. *State v. Allen,* No. 101,367, 2010 WL 3636269, at *3 (Kan. App. 2010) (unpublished opinion); see *Rowland v. State,* 289 Kan. 1076, 1084-85, 219 P.3d 1212 (2009); State v. Van Cleave, 239 Kan. 117, 119-21,

716 P.2d 580 (1986). To warrant a *Van Cleave* hearing, an appellant "must do more than simply . . . argue he or she would have handled the case differently." *State v. Levy*, 292 Kan. 379, 389, 253 P.3d 341 (2011). Rather, an appellant must conduct an investigation of the circumstances and present an appellate court with grounds sufficient to show the alleged claim has some merit. Only upon such a showing is it appropriate for an appellate court to remand a case to a district court for a hearing. 292 Kan. at 389.

Soto-Gonzalez has failed to make that showing here. He does not articulate a factual or legal basis for an ineffective assistance of counsel claim which would require a *Van Cleave* hearing. He does not controvert the State's assertion that his trial counsel died in March 2016, and he does not specify any facts that an evidentiary hearing could uncover that could realistically impact the district court's decision. He also admits that the decision he claims was deficient was a strategic decision by counsel.

The ineffectiveness claim also appears to lack merit due to lack of any showing of prejudice. Even if State's Exhibit 1 had not been admitted, sufficient evidence that Soto-Gonzalez possessed cocaine was shown by the lab report and by Turner's testimony. Yet we do not believe the facts are clear enough for us to rule definitively on the merits of the claim. Here, as usual, the district court is in the best position to determine whether counsel's representation was effective. See *Rowland*, 289 Kan. at 1084.

*Denial of motion for mistrial*

Soto-Gonzalez also appears to challenge the district court's denial of his motion for mistrial.

In reviewing the denial of a motion for mistrial, we apply an abuse of discretion standard of review. *State v. Longoria*, 301 Kan. 489, 530, 343 P.3d 1128 (2015). A court abuses its discretion if the judicial action

6

"(1) is arbitrary, fanciful, or unreasonable, *i.e.,* if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.,* if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.,* if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

According to K.S.A. 22-3423(1)(c), a mistrial may be ordered when the district court determines "[p]rejudicial conduct, in or outside the courtroom, makes it impossible to proceed with the trial without injustice to either the defendant or the prosecution."

Soto-Gonzales fails to meet that standard. The State had not yet rested its case when State's Exhibit 1 was admitted. The exhibit was admitted immediately after Turner testified, and Soto-Gonzales was given an opportunity to examine him about that exhibit and did examine him about that exhibit. Soto-Gonzalez does not contend that State's Exhibit 1 was irrelevant, lacked probative value, or was unduly prejudicial. Accordingly, we find no error in the manner by which the exhibit was admitted or in the fact that the exhibit was admitted. No other basis for mistrial is alleged.

Affirmed.