NOT DESIGNATED FOR PUBLICATION

No. 118,123

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RASHAUDE ALI WOODLEY,
*Appellant.*

MEMORANDUM OPINION

Appeal from Johnson District Court; THOMAS M. SUTHERLAND, judge. Opinion filed August 10, 2018. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Jacob M. Gontesky*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., LEBEN, J., and BURGESS, S.J.

LEBEN, J.: Rashaude Woodley appeals the district court's decision to revoke his probation and send him to prison to serve his 20-month sentence for felony cocaine possession. Woodley argues that the court should have first ordered him to serve a limited amount of jail time—what's known as an intermediate sanction—before revoking the probation and sending him to prison.

The district court generally must use an intermediate sanction first, but the court can bypass that step if the defendant has committed a new crime while on probation.

K.S.A. 2017 Supp. 22-3716(c)(8)(A). The court found that Woodley had once again possessed cocaine, a new offense—but Woodley contends the evidence wasn't sufficient to prove that. His arguments center on the claim that a lab report finding that the white powdery substance in a bag in his car was cocaine wasn't sufficient evidence of that fact. But the lab report was admitted into evidence without objection, and other evidence supported its conclusion that the substance was cocaine.

With that overview, let's review how Woodley ended up before the district court on the State's motion to revoke his probation. Woodley had been convicted of felony cocaine possession and the illegal possession of a firearm. After conviction for those crimes, the court sentenced Woodley to probation with any underlying 20-month prison sentence that he would have to serve if Woodley didn't successfully complete probation.

So Woodley was already on probation when Lee's Summit, Missouri, police stopped him for a traffic infraction. When Officer Jennifer Maynard came up to talk to Woodley in his car, she immediately noticed that his eyes "were very wide" and "there was a white substance dripping from his nose." She recognized these to be signs of snorting an illicit substance through the nose. While she talked with Woodley—and waited for another officer to arrive—Woodley was wiping his nose with his shirtsleeve and sniffling.

Woodley was the only person in the car, so after she arrested him, there was no one present to take the car. Under the police department's policy, they towed the car to an impound lot. When the police do that, they usually inventory the contents so that there's an accurate list of the property left in it.

Officer Maynard noted an unsecured child seat in the back of the car. She knew that car seats "are often used to hide contraband," so she took a look. She quickly found a

2

plastic bag with a white powdery substance in it. Then, under the car-seat lining, she found a digital scale.

Based on Woodley's new cocaine-possession arrest, the State moved to revoke his probation. At an evidentiary hearing, the State presented three witnesses: Officer Maynard; the other officer who arrived at the traffic stop to back her up, Officer Nicolas Rippey; and Woodley's probation supervisor, Geri Reece. Only the officers' testimony is relevant to this appeal.

Maynard brought the plastic bag with the white powder with her to the hearing, and it was admitted into evidence without objection. She also brought a lab report from the Missouri State Highway Patrol's crime lab, a report that contained identification numbers that matched ones on the bag. That report was then admitted into evidence without objection.

After its admission, the State asked her what lab personnel concluded about the contents of the bag. She testified—again without objection—that the lab report showed that the bag contained about 3.57 grams of cocaine. On cross-examination, Maynard admitted that she didn't know the lab analyst who had signed the report, wasn't familiar with the lab's procedures, and didn't know what level of lab work would be needed to meet standards of scientific reliability.

Officer Rippey said that he too saw a white powdery substance on Woodley's nose. Rippey said it had "kind of crusted to the skin and into the hair underneath his right nostril." Rippey asked Woodley when he had last used cocaine. Rippey said that Woodley responded, "About an hour ago."

3

The district court found that Woodley had committed a new crime—cocaine possession—and revoked his probation, sending Woodley to serve his prison sentence. Woodley appealed to our court.

He recognizes on appeal that the district court could revoke the probation and send him to prison if the State proved he had committed the new crime of cocaine possession. So he argues that the State's evidence wasn't sufficient. He bases his argument on the lack of testimony about the procedures used in the Missouri State Highway Patrol's crime lab: "In the absence of any information explaining how the criminalist got these results, there was insufficient evidence that this was cocaine."

But the crime-lab report identifying the powder in the bag as cocaine was admitted *without objection*. Evidence admitted by the district court without objection and with no stated limitation on its use may be considered for any purpose. Cf. K.S.A. 60-406. The district court's conclusion that the bag contained cocaine—and Woodley had committed the new crime of cocaine possession—was amply supported by the evidence. There was a crime-lab report specifically identifying the substance as cocaine. And there was other evidence supporting that conclusion: his admission that he had used cocaine an hour before, the white substance dripping from his nose, the bag of white powder in the car seat, and the digital scale found under the car-seat lining. As Officer Maynard noted, "A digital scale is not something that you normally find in a child's car seat." And these scales are often used to weigh illegal drugs.

Woodley raises one other objection on appeal. He contends that his right to confront the witnesses against him (a due process right) was violated by consideration of the crime-lab report. But under K.S.A. 60-404, appellate courts do not review evidentiary issues without a timely and specific objection. See *State v. Graham*, 272 Kan. 2, 6, 30 P.3d 310 (2001). And that applies even when the issue involves a claimed violation of the

4

defendant's confrontation rights. See *State v. Williams*, 299 Kan. 509, Syl. ¶ 13, 324 P.3d 1078 (2014), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2017); *State v. Levy*, 292 Kan. 379, Syl. ¶ 3, 253 P.3d 341 (2011); *State v. Dukes*, 290 Kan. 485, 488-89, 231 P.3d 558 (2010).

We affirm the district court's judgment.