NOT DESIGNATED FOR PUBLICATION

No. 122,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORDAN RAY SEVERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Opinion filed December 17, 2021. Affirmed.

*Wendie C. Miller*, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: In 2009, Jordan R. Severs was convicted of three counts of rape and one count of aggravated criminal sodomy. He was sentenced to a controlling sentence of 741 months in prison, followed by 36 months of postrelease supervision. Ten years later, Severs filed a motion to correct an illegal sentence, arguing he was statutorily required to serve lifetime postrelease supervision. While that motion was before the district court, Severs attempted to collaterally attack his convictions by filing a motion to arrest judgment and a motion for a new trial. These motions contained numerous claims of alleged trial errors, a jurisdictional challenge, and two claims of ineffective assistance of counsel. Without addressing the merits of these claims, the district court denied both motions as untimely and then corrected Severs' illegal sentence. On appeal, Severs argues

1

his motions were not untimely, asserts the court should not have included his juvenile convictions in his criminal history when he was resentenced, and raises the alleged trial errors he included in his motion to arrest judgment and motion for a new trial. Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Following a jury trial in 2009, Severs was convicted of three counts of rape and one count of aggravated criminal sodomy for his actions towards the mother of his child. The facts underlying his convictions are largely irrelevant to this appeal. He was sentenced to 741 months' imprisonment.

Severs appealed his convictions and sentence, arguing the State presented insufficient evidence to support the rape charges and that the court erred in including his juvenile convictions in his criminal history. Finding no errors, a panel of this court affirmed. See *State v. Severs*, No. 104,431, 2011 WL 4440415 (Kan. App. 2011) (unpublished opinion). Severs filed a petition for review, which was denied. The mandate affirming his convictions and sentence was filed on May 1, 2014.

About five years later, Severs filed a pro se motion to correct an illegal sentence, in which he argued the district court erroneously imposed 36 months instead of lifetime postrelease supervision. Several months after filing that motion, Severs filed two more pro se motions, which he titled "MOTION FOR ARREST OF JUDGMENT AND NEW TRIAL PURSUANT TO K.S.A. 22-3501 AND K.S.A. 22-3503." Severs contended the district court lacked jurisdiction because the State did not charge him via an indictment and argued that numerous trial errors and ineffective assistance of counsel necessitated the granting of a new trial. Regarding the procedural posture of his motions, Severs asserted that "[b]ecause the district court was forced to vacate the illegal sentence, the judgment is no longer final and the defendant is permitted to file renewed motions for

2

new trial and for arrest of judgment addressing issues that should have been addressed originally."

At the hearing on the motion to correct an illegal sentence, Severs' attorney explained to the court that Severs only filed the pro se motion because he thought that he could then seek relief via the motion for a new trial and motion for arrest of judgment. The State pointed out that Severs could not collaterally attack his convictions with his motion to correct illegal sentence and that vacating part of an illegal sentence to correct it did not create an opportunity to file the motion for a new trial and motion for arrest of judgment. The court responded that it was only prepared to proceed on Severs' motion to correct an illegal sentence and that it intended to resentence Severs that day. Severs then challenged the use of his juvenile convictions in his criminal history score and requested time to file a formal motion on the matter, which the court granted.

When the parties reconvened, the court first took up Severs' motion for arrest of judgment and motion for a new trial—it denied both motions as untimely. The court explained:

> "[T]his type of motion is required to be filed within 14 days after the verdict or finding of guilt, and in this particular case the defendant was found guilty on July 9 of 2009 and so this motion is time barred. In addition, although the defendant filed a motion to correct an illegal sentence, the sole purpose of that motion was to collaterally attack his convictions and out Supreme Court has held on prior occasions that this type of motion or this motion to correct illegal sentence cannot be used to collaterally attack convictions. So, this motion is overruled and denied."

The court then proceeded to resentence Severs. The court denied Severs' objection to the use of his juvenile adjudications in his criminal history, noting that "the right to a jury trial in juvenile matters does not apply retroactively . . . . The defendant raised this matter on his appeal and the Court of Appeals ruled that the juvenile adjudications were properly

3

included in [his] criminal history." The court then resentenced Severs, adding lifetime postrelease supervision but otherwise imposing the same sentence that was initially imposed.

Severs appeals from the denial of his motion to arrest judgment and motion for a new trial.

ANALYSIS

On appeal, Severs contends the court erred in denying his motion for a new trial and his motion to arrest judgment as untimely because his convictions were no longer final when he filed his motion to correct an illegal sentence. He also contends the court erred by including his juvenile convictions in his criminal history when he was resentenced. Severs further asserts a variety of the alleged trial errors he included in his motion to arrest judgment and motion for a new trial, which were not addressed by the district court, including:

- The court lacked jurisdiction because the State did not charge him via an indictment.
- The State relied on illegally seized evidence during his trial.
- The State violated his right to counsel.
- His convictions are not supported by substantial competent evidence.
- He was denied the right to testify in his own defense.
- The court failed to give an unanimity instruction.
- Prosecutorial error deprived him of his right to a fair trial.
- His trial counsel was ineffective.
- His appellate counsel was ineffective.

4

The jurisdiction-based argument appears to tie into Severs' untimely motion to arrest judgment under K.S.A. 22-3502 but could also have been included as part of a motion to correct an illegal sentence. The final two claims regarding ineffective assistance of counsel could have been raised via a motion under K.S.A. 60-1507, or even construed by the district court as such a motion. Severs specifically states that he is not seeking relief under either K.S.A. 60-1507 or K.S.A. 22-3504. The remaining trial error claims could have been raised at trial, as part of a timely motion for a new trial, or included in Severs' direct appeal, but they were not. Accordingly, these issues are not properly before this court. See *State v. Kleypas*, 305 Kan. 224, 262, 382 P.3d 373 (2016) ("'Where a defendant's claim has not been raised at trial or on direct appeal, such a default prevents the defendant from raising the claim in a second appeal or a collateral proceeding.'").

I. *The court did not err in denying Severs' motion for a new trial and motion to arrest judgment.*

Our Kansas Supreme Court has "repeatedly stated that the relief available under K.S.A. 22-3504 is correction of a sentence, not reversal of a conviction." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). Usually, this maxim is applied when a defendant inserts claims, often constitutional in nature, that go beyond the limited definition of an illegal sentence in their motion under K.S.A. 22-3504. Here, Severs did not include his additional claims in his motion to correct an illegal sentence—he included them in the combined motion for arrest of judgment and new trial filed separately from his motion to correct illegal sentence.

In his K.S.A. 22-3504 motion, Severs correctly noted that he received an illegal sentence because he should have been sentenced to lifetime postrelease supervision. Instead of shoehorning his other claims into his K.S.A. 22-3504 motion, Severs has attempted an alternative workaround. He contends that his convictions ceased to be final

and were therefore subject to collateral attack when he filed his motion to correct illegal sentence. In his words: "When a defendant's sentence is vacated and remanded back to the district court for resentencing, the defendant is permitted to raise new issues that should have been raised in the original appeal." As the State points out, Severs has simply attempted "to expand the relief he could obtain under a motion to correct an illegal sentence." Severs' appeal does not challenge the court's ruling on his motion to correct illegal sentence. Rather, Severs' appeal concerns the district court's ruling that his combined motions for arrest of judgment and new trial under K.S.A. 22-3501 and K.S.A. 22-3502 were untimely.

a. *Severs' motion for a new trial was untimely*

The district court denied Severs' motion because it was filed years after he was convicted. On appeal, Severs contends the court abused its discretion because his conviction was not final—that is, he argues that due to his motion to correct an illegal sentence there was no longer a "final judgment." Severs fails to account for the substance of his motion for a new trial and the applicable timeline for filing it.

A district court's denial of a motion for a new trial is reviewed for an abuse of discretion. Judicial discretion is abused if no reasonable person would have taken the view adopted by the district court or if the judicial action is based on an error of fact or law. *State v. Soto*, 310 Kan. 242, 257, 445 P.3d 1161 (2019).

K.S.A. 2020 Supp. 22-3501(1), which provides for a motion for new trial, states:

> "The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. *A motion for a new trial based on any other grounds shall be made within 14 days after*

6

*the verdict or finding of guilty or within such further time as the court may fix during the 14-day period.*" (Emphasis added.)

As our Kansas Supreme court has explained, "[t]he legislature clearly intended to establish different timelines for new trial motions, distinguishing between those based on (a) newly discovered evidence and (b) any other grounds." *State v. Holt*, 298 Kan. 469, 475, 313 P.3d 826 (2013). Whereas motions based on new evidence are granted a two-year time limit, motions based on other grounds—which typically "call alleged trial errors to the attention of the trial court"—must be filed within a much shorter timeframe so that the trial court may effectively address the alleged errors. 298 Kan. at 477. Any extension that could be granted under the statute on grounds other than newly discovered evidence must be made within the 14-day period following the verdict or finding of guilty. 298 Kan. at 479. The 14-day deadline is not discretionary. *State v. Reed*, 302 Kan. 227, 233, 352 P.3d 530 (2015).

Severs did not move for a new trial based on newly discovered evidence. Instead, he argued that a variety of alleged trial errors necessitated a new trial or that his convictions should be vacated in the interest of justice. Because Severs' motion for a new trial was based solely on alleged trial errors, it was required to be raised within 14 days of the verdict (he could have also raised the issues included in his motion in his direct appeal). Because Severs' motion was of the "any other grounds" variety, the applicable timeline for Severs to file his motion for a new trial was not "within two years after final judgment" but instead was "within 14 days after the verdict or finding of guilty or within such further time as the court may fix during the 14-day period." K.S.A. 2020 Supp. 22-3501(1). Severs' arguments about the then finality of the judgment are irrelevant. The only date relevant to determining if his motion was timely is the day the jury found him guilty.

Severs was found guilty on July 9, 2009. His motion for a new trial was not filed until about 10 years after that date, well outside the 14-day timeline. Accordingly, under the language of K.S.A. 2020 Supp. 22-3501(1), Severs' motion was untimely. The district court's decision was not based on an error of fact or law and was not arbitrary or unreasonable. We find that the district court did not abuse its discretion in finding Severs' motion for a new trial was untimely.

This court could potentially convert Severs' ineffective assistance of counsel claims, which were included in his pro se motion for a new trial but not addressed by the district court, as mislabeled requests for relief under K.S.A. 60-1507. See *Holt*, 298 Kan. at 480. Since Severs specifically states he is not seeking relief under K.S.A. 60-1507, we decline to address the matter for the first time on appeal. See *State v. Levy*, 292 Kan. 379, 388-89, 253 P.3d 341 (2011).

b.  *Severs' motion to arrest judgment was untimely*

The district court denied Severs' motion to arrest judgment on the same grounds as his motion for new trial: it was untimely. As above, Severs argues that his motion was not untimely because there was no "final judgment."

A district court lacks jurisdiction to consider a motion to arrest judgment filed outside of the statutory time period. See *State v. McCoin*, 278 Kan. 465, 467-68, 101 P.3d 1204 (2004) (relying on K.S.A. 22-3502 (Furse), which stated a "motion for arrest of judgment shall be made within 10 days . . . or within such further time as the court may fix during the 10-day period"; motion filed 2 years after entering plea was untimely). K.S.A. 2020 Supp. 22-3502 states: "The motion for arrest of judgment shall be made *within 14 days after the verdict or finding of guilty*, or after a plea of guilty or nolo contendere, *or within such further time as the court may fix during the 14-day period*." (Emphases added.) As noted above, Severs was convicted on July 9, 2009. His pro se

8

motion to arrest judgment was filed on October 16, 2019. Thus, the motion was untimely, and the district court had no jurisdiction to consider it.

Beyond the fact that his jurisdictional argument was untimely, Severs' claim that the State was required to initiate the prosecution by indictment is without any merit.

> "Kansas statutes have historically provided and still provide for several different mechanisms to commence or institute a criminal prosecution. See G.S. 1868, ch. 82, art. 5, sec. 36 (complaint); G.S. 1868, ch. 82, art. 6, sec. 66 (indictment, information). Since 1976, K.S.A. 22-3201(a) has provided that generally prosecutions in district court 'shall be upon complaint, indictment or information." See also K.S.A. 22-2301(1) ("Unless otherwise provided by law, a prosecution shall be commenced by filing a complaint with a magistrate.")." *State v. Dunn*, 304 Kan. 773, 790, 375 P.3d 332 (2016).

And K.S.A. 22-3201(a) specifically provides that "[p]rosecutions in the district court shall be upon complaint, indictment or information."

II. *The court properly included Severs' juvenile convictions in his criminal history.*

Next, Severs contends the district court violated his constitutional rights when it included his prior juvenile adjudications in his criminal history score because Severs was not informed of his right to a jury trial for those convictions. Severs raised a similar objection to the use of his juvenile convictions in his direct appeal. See *Severs*, 2011 WL 4440415, at *8 (holding "it was not improper for the district court to consider Severs' juvenile adjudications in calculating his criminal history score"). Although he does not frame the matter as such—and specifically states he is not seeking relief under K.S.A. 22-3504—Severs essentially argues his new sentence is illegal because the court unconstitutionally included his juvenile convictions.

9

As Severs acknowledges in his brief, Kansas Supreme Court precedent forecloses his argument. Although juveniles have a constitutional right to a jury trial, that right does not apply to juvenile adjudications that were final before June 20, 2008. *State v. Waller*, 299 Kan. 707, 729, 328 P.3d 1111 (2014); *State v. Fischer*, 288 Kan. 470, 473-75, 203 P.3d 1269 (2009); *In re L.M.*, 286 Kan. 460, 473-74, 186 P.3d 164 (2008). While Severs contends these cases were wrongly decided, this court is duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Here, Severs' juvenile adjudications were final prior to June 20, 2008. Thus, we find that Severs' juvenile convictions were properly included in his criminal history score.

Affirmed.