Filed 4/3/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

DODI WASBOTTEN,

    Defendant and Appellant.

E055423

(Super.Ct.No. FVA1100708)

OPINION

APPEAL from the Superior Court of San Bernardino County. Ingrid Adamson Uhler, Judge. Affirmed.

Johanna R. Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, James Dutton and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant, Dodi Wasbotten, of four counts of second degree robbery. (Pen. Code, § 211.)[1] She was sentenced to prison for eight years and appeals claiming the sentencing court improperly ordered her to pay restitution to each of her victims because the jury did not determine the amount of that restitution. We reject her contention and affirm.

## FACTS

On each of four consecutive days, defendant, using an Airsoft gun, robbed a victim of the latter's purse and its contents, except for the third victim, who gave defendant money instead of her purse and its contents, telling defendant that there was medication she needed in her purse.

## ISSUE AND DISCUSSION

In her report, the probation officer stated that at least one of the victims was planning to seek counseling, therefore, she would be requesting that the sentencing court retain jurisdiction over restitution. The report went on to state that the first victim no longer had receipts for the property defendant took from her, but she itemized her losses, which totaled $1,110, for which she was seeking restitution. The report stated that the second victim had not responded to requests for contact. It said that the third victim reported that her only loss was the $40 she gave defendant and restitution in that amount was requested for her. The report requested restitution of $100 for the fourth victim,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

whose purse and its contents, except for $100 cash, was recovered. These amounts were again listed in the probation report, following the statement, "It is respectfully recommended that the defendant . . . be ordered, pursuant to P[enal] C[ode section] 1202.4, to pay restitution to the victims . . . ."

At the sentencing hearing, defense counsel argued for the mitigated term, asserting, inter alia, that the monetary loss to the victims was relatively small, citing the total of the requests for restitution stated in the probation report. Defense counsel said that he was submitting on the issue of restitution to the victims. The sentencing court retained jurisdiction for restitution for any future counseling required by the victims. The court ordered defendant to pay $1,110 in restitution to the first victim, $40 to the third and $100 to the fourth. Defendant did not object.

Defendant now claims that she had a right under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S. Ct. 2348], *Blakely v. Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531] and *Southern Union Co. v. United States* (2012) ___ U.S. ___ [132 S.Ct. 2344] (*Southern Union*) to have a jury determine the value of the items she stole from the victims. We disagree.

In *People v. Pangan* (2013) 213 Cal.App.4th 574 (*Pangan*), Division Three of this court rejected an identical argument, saying, "*Southern Union* involved a restitution fine of $50,000 *a day* for each day of a putative 762-day-long environmental law violation. The United States Supreme Court struck the fine down because the very fact which determined the 'maximum fine' the corporate defendant faced-the number of days the

3

violation continued-was not determined by the jury. [Citation.] [¶] *Apprendi* held that any fact which increases a defendant's sentence beyond the 'statutory maximum' must go to the jury. [Citation] And *Blakely* was a gloss on *Apprendi*, holding that the statutory maximum under *Apprendi* was the maximum sentence a judge could impose based on facts reflected in the jury verdict or admitted by the defendant. [Citation.] [¶] But neither *Southern Union*, *Apprendi* nor *Blakely* have any application to direct victim restitution, because direct victim restitution is not a criminal penalty. As explained in *U.S. v. Behrman* (7th Cir. 2000) 235 F.3d 1049, 1054, direct victim restitution is a substitute for a civil remedy so that victims of crime do not need to file separate civil suits. It is not increased 'punishment.' The [*People v.*] *Millard* [(2009) 175 Cal.App.4th 27, 35] decision makes the same point in regard to California law. [Citations.] [*People v.*] *Chappelone* [(2010) 183 Cal.App.4th 1159, 1184] has collected the numerous federal cases also holding victim restitution does not constitute increased punishment for crime. [Citation.][2] And we would note the restitution statute *itself* characterizes victim restitution awards as civil. [Citation.]" [¶] Federal courts have also rejected Apprendi challenges to victim restitution statutes becaue those statutes, like the one before us, carry no prescribed statutory maximum. [Citations.]" (*Pangan,* pp. 585-586.)

We agree with the reasoning in *Pangan* and adopt it as our own.

---

**2** Since *Chappelone* was decided, additional federal cases have held that *Apprendi* does not apply to restitution orders. (*United States v. Day* (4th Cir. 2012) 700 F.3d 713, 732; *United States v. Wolfe* (7th Cir. 2012) 701 F.3d 1206, 1217.)

4

Additionally, the restitution ordered here is direct compensation to the victims, not a criminal fine like in *Southern Union*. Direct victim restitution and restitution fines are distinct. (See *People v. Villalobos* (2012) 54 Cal. 4th 177, 181.)

## DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

McKINSTER
J.