No. 110,750

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WENDY HUFF,
*Appellant*.

SYLLABUS BY THE COURT

1.

According to the United States Supreme Court, with the exception of any prior conviction, the Sixth Amendment to the United States Constitution requires any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

2.

K.S.A. 21-4610(d)(l), which applies to restitution ordered as a condition of probation, requires the district court to order the defendant to make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable.

3.

In Kansas, restitution for a victim's damages or loss depends on the establishment of a causal link between the defendant's unlawful conduct and the victim's damages.

1

4.

Although restitution is part of a defendant's sentence, because restitution ordered as a condition of probation is limited to a victim's actual loss, it lacks a punitive element and therefore is not punishment.

5.

Because the key language in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), refers to the requirement that any fact which increases the maximum penalty for a crime be proven to a jury, and because restitution is not a penalty, a defendant's Sixth Amendment rights are not violated when a district court makes factual findings to impose a restitution requirement.

6.

Restitution is required in every criminal case upon a finding of guilt. Because there is no prescribed statutory maximum to the restitution amount which could increase the maximum statutory penalty, restitution is not subject to *Apprendi*.

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed October 24, 2014. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Ellen H. Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MCANANY, J., and BUKATY, S.J.

POWELL, J.: According to the United States Supreme Court, with the exception of any prior conviction, the Sixth Amendment to the United States Constitution requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New*

*Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Wendy Huff argues in the present appeal that the district court violated this directive when it imposed restitution without requiring the State to prove to a jury whether her actions caused the victim's damages. Because restitution is neither a penalty nor an increase in a defendant's maximum sentence, we hold *Apprendi* is inapplicable to restitution and, therefore, affirm the district court.

FACTUAL AND PROCEDURAL HISTORY

In January 2010, Ankit Patel, Vice President of Diamond Saline, LLC, a Howard Johnson Motel, hired Wendy Huff as a hotel manager. When Patel arrived at the hotel on December 15, 2010, the motel doors were locked and he discovered that Huff had moved out of her residence at the motel. Later that day, Patel discovered that Huff had transferred $19,745.10 from the corporation's bank account to her personal bank account and had attempted to transfer an additional $8,407.90, but those transactions had failed to clear. Patel also learned there was $14,575.00 in cash missing and $2,224.31 worth of supplies missing.

Huff ultimately pled no contest in two cases. In the first, she pled to one count of felony theft pursuant to K.S.A. 21-3701(b)(2), a severity level 7 nonperson felony, and in the second, she pled to one count of giving a worthless check, a class A nonperson misdemeanor. See K.S.A. 21-3707. In exchange, the State dismissed a number of other charges. According to the language of the plea agreement, in the first case, Huff agreed that "restitution will be determined by hearing to be scheduled after sentencing is completed." In the second case, Huff agreed to be "responsible for full restitution."

On April 15, 2013, the district court imposed an underlying sentence of 12 months' imprisonment but granted probation for a term of 24 months. The court also imposed restitution of $80 in the second case, as agreed by the parties, but noted that restitution in

the first case would be decided on a later date. Huff subsequently filed a motion to bar restitution pursuant to *Apprendi*, arguing restitution would increase her maximum statutory sentence, thereby requiring restitution to be proven to a jury beyond a reasonable doubt. The State filed a response, arguing *Apprendi* was not applicable to restitution. The parties agreed to forego a hearing and submitted the issue of restitution to the district court on their written arguments. On October 7, 2013, the district court determined that *Apprendi* was not applicable and ordered Huff to pay $105,000 in restitution.

Huff timely appeals.

### DOES *APPRENDI* REQUIRE THE JURY TO MAKE THE FACTUAL DETERMINATION THAT THE DEFENDANT'S CRIMINAL CONDUCT CAUSED THE DAMAGES OR LOSS?

Huff argues the district court violated her constitutional right to a jury trial under *Apprendi* when it imposed restitution without requiring the State to prove to a jury that her actions caused $105,000 in damages or loss. Conversely, the State argues Huff's plea agreement bars her argument and *Apprendi* is inapplicable to restitution. Huff does not challenge the district court's decision as to the amount of restitution to be paid.

*Standard of review*

Whether the district court violated Huff's constitutional rights by ordering restitution without a jury determination is a question of law over which we exercise unlimited review. See *State v. Tyler*, 286 Kan. 1087, 1095-96, 191 P.3d 306 (2008).

4

*Analysis*

At the time Huff was sentenced, she was placed on probation. Because a defendant is sentenced pursuant to the law in effect at the time the crime was committed, K.S.A. 21-4610(d)(l), which applied to restitution ordered as a condition of probation, governed the district court's authority to order restitution. See *State v. Williams*, 291 Kan. 554, 559, 244 P.3d 667 (2010). K.S.A. 21-4610(d)(1) provided in pertinent part:

> "[T]he court shall order the defendant to . . . [m]ake reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

In her brief, Huff correctly argues that the district court was required to make three factual findings in order to impose restitution: (1) the causal link between the defendant's crime and the victim's loss; (2) the amount of restitution; and (3) a determination of whether the restitution plan was unworkable. See *State v. Goeller*, 276 Kan. 578, 580-81, 77 P.3d 1272 (2003) ("'[I]n Kansas, restitution for a victim's damages or loss depends on the establishment of a causal link between the defendant's unlawful conduct and the victim's damages.'" [quoting *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 9, 56 P.3d 202 (2002)]); see also *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014) (restitution amount can only be set by sentencing judge in open court with defendant present); *Goeller*, 276 Kan. at 583 (restitution required unless court finds it unworkable). Huff maintains that in light of *Apprendi* and the more recent case of *Southern Union Co. v. United States*, 567 U.S. ___, 132 S. Ct. 2344, 183 L. Ed. 2d 318 (2012), the restitution statute unconstitutionally permits an increase in her maximum sentence by allowing the district court to make the necessary factual findings to impose restitution, which Huff

5

argues is impermissible and violates her Sixth Amendment right to a jury trial because these factual findings must be proven beyond a reasonable doubt to a jury.

The State responds with two lines of defense: First, because Huff agreed in her plea agreement to pay restitution in an amount to be determined at a later hearing, her challenge to the restitution order is barred; and second, relying principally on *United States v. Day*, 700 F.3d 713, 732 (4th Cir. 2012), *cert. denied* 133 S. Ct. 2038 (2013), because the restitution statute contains no prescribed maximum, *Apprendi* is inapplicable to restitution. Huff acknowledges that a similar argument to hers was rejected in *Day* but argues *Day* was wrongfully decided.

First, we easily reject the State's argument that the plea agreement bars Huff's challenge to the restitution order. Plea agreements are contracts between the State and a defendant, see *State v. Wills*, 244 Kan. 62, 67-68, 765 P.2d 1114 (1988); therefore, the interpretation of such a contract is a legal question over which we exercise unlimited review. *Osterhaus v. Toth*, 291 Kan. 759, 768, 249 P.3d 888 (2011). An ambiguous plea agreement must be strictly construed against the State. *Wills*, 244 Kan. at 69. A review of the language in the plea agreement reveals one agreement involving two cases. Only in the second case—the misdemeanor charge of giving of a worthless check—did Huff agree to be responsible for *full restitution*. In fact, at sentencing, the district court imposed the agreed-upon restitution amount of $80. Huff does not challenge this order.

However, in the case to which Huff pled guilty to felony theft, the parties merely agreed that restitution would be determined at a hearing to be scheduled after sentencing. The plea agreement did not contain any language providing for Huff's agreement to pay restitution. While the plea agreement did contain Huff's waiver of her right to a jury trial, we note the waiver language was in the context of the State's requirement to prove each element of the crimes beyond a reasonable doubt. Viewing the plea agreement language strictly against the State, we conclude that Huff did not agree to restitution and is not

6

barred from challenging it, though we note on appeal that she does not challenge the restitution amount of $105,000.

Second, when considering the merits of Huff's argument, we must reject them. Restitution, although part of a defendant's sentence, is not punishment; even if restitution were considered punishment, it does not exceed the statutory maximum of a defendant's sentence.

While it is undeniable that restitution is part of a defendant's sentence, it does not mean restitution is punishment. See *State v. McDaniel*, 292 Kan. 443, 446, 254 P.3d 534 (2011); *State v. Hall*, 45 Kan. App. 2d 290, 298, 247 P.3d 1050 (2011) (restitution not part of punishment or sanction for defendant's conduct), *aff'd* 297 Kan. 709, 304 P.3d 677 (2013). In fact, a sentence does not contain only punishment or sanctions. See *State v. Robinson*, 281 Kan. 538, 543, 132 P.3d 934 (2006) (BIDS attorney fees imposed at sentencing not part of punishment or sanction for defendant's criminal conduct but a "recoupment"). Our Supreme Court has found: "Restitution imposed as a condition of probation is not a legal obligation equivalent to a civil judgment, but rather an option which may be voluntarily exercised by the defendant to avoid serving an active sentence." *State v. Applegate*, 266 Kan. 1072, 1075, 976 P.2d 936 (1999).

In *Applegate*, our Supreme Court addressed the question of whether a district court could refuse to impose restitution when the victims successfully obtained a civil judgment against the defendant and the defendant received a release of all claims from the victims. The court noted that while restitution was not merely victim compensation and had a deterrence and rehabilitative function, it discussed with approval the Arizona Supreme Court's discussion of restitution as something distinguished from fines, which are punitive, and that which should not be imposed to "confer a windfall on the victim." 266 Kan. at 1076 (citing *State v. Iniguez*, 169 Ariz. 533, 537, 821 P.2d 194 [1991]). While stating that district judges had discretion in imposing restitution, the *Applegate*

court found that the restitution statute measured restitution as "the amount that reimburses the victim for the actual loss suffered." 266 Kan. at 1079; see also *State v. Davis*, 48 Kan. App. 2d 573, 575, 294 P.3d 353 (2013) ("restitution should be provided only up to the amount of the victim's loss" [citing *Hunziker*, 274 Kan. at 663-64]), *aff'd on remand* 50 Kan. App. 2d ___, 333 P.3d 190 (2014). Because both the victims and the defendant agreed that the sum paid by the defendant's insurers satisfied all claims, our Supreme Court held the district court did not abuse its discretion in finding that the civil settlement satisfied the statutory requirements for restitution. *Applegate*, 266 Kan. at 1079-80.

Accordingly, in our view, because restitution ordered as a condition of probation is limited to the victim's actual loss, it lacks a punitive element and therefore is not punishment. See *People v. Wasbotten*, 225 Cal. App. 4th 306, 309, 169 Cal. Rptr. 3d 878 (2014) (restitution not punishment); *State v. Field*, 328 Mont. 26, 32, 116 P.3d 813 (2005) (same); but see K.S.A. 2010 Supp. 21-4603d(b)(1) (restitution ordered as part of prison sentence "shall include, but not be limited to, damage or loss caused by the defendant's crime"). Because the key language in *Apprendi* refers to the requirement that any fact which increases the maximum *penalty* for a crime be proven to a jury and because restitution is not a penalty, Huff's Sixth Amendment rights were not violated when the district court made factual findings to impose a restitution requirement upon her. See *United States v. Wooten*, 377 F.3d 1134, 1144-45 & n.1 (10th Cir.) (*Apprendi* does not apply to restitution order which does not exceed value of damaged property), *cert denied* 543 U.S. 993 (2004). Moreover, even if we were to agree that restitution constitutes punishment, we agree with the authorities cited by the State that the imposition of restitution does not increase a defendant's maximum sentence.

Huff urges us to find the reasoning in *Southern Union* abrogates the holdings of many cases which have held *Apprendi* to be inapplicable to restitution. In *Southern Union*, the jury convicted the defendant corporation of knowingly storing hazardous

8

waste without a permit in violation of federal law. The criminal violations were punishable by a fine of up to $50,000 for each day the defendant violated the law. However, the jury did not make specific factual findings as to the number of days the corporation violated the law. Instead, the trial court imposed an aggregate fine of $38.1 million and determined from the "'content and context of the verdict all together' that the jury found a 762-day violation" of the law. 132 S. Ct. at 2346. The United States Supreme Court held the trial court's factual finding as to the number of days the defendant committed the crime violated *Apprendi* and the defendant's Sixth Amendment right to a jury determination because the criminal fines were a form of punishment. 132 S. Ct. at 2350-52.

Although *Southern Union* expanded *Apprendi*'s reach, not every punitive aspect of a sentence necessarily implicates *Apprendi*. See, *e.g.*, *Oregon v. Ice*, 555 U.S. 160, 167-72, 129 S. Ct. 711, 172 L. Ed. 2d 517 (2009) (right to a jury trial does not prohibit judges from making factual findings to impose consecutive or concurrent sentences); *State v. Carr*, 274 Kan. 442, 451-52, 53 P.3d 843 (2002) (*Apprendi* does not prohibit judges from imposing dispositional departures from probation to prison); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002) (use of criminal history to enhance defendant's sentence does not violate *Apprendi*).

Unlike in *Southern Union*, where the defendant's criminal sentence *was increased beyond the maximum* based upon factual findings made by the trial court, the common theme of the cases cited and relied upon by the State contain no *Apprendi* violations because there was no increase in the penalty beyond the statutory maximum. We think it significant that the United States Supreme Court, when discussing the history of a defendant's right to be punished only in accordance with facts proved to a jury, stated: "We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute."

9

*Apprendi*, 530 U.S. at 481; see also *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 2163, 186 L. Ed. 2d 314 (2013) (facts which increase mandatory minimum sentences must be submitted to the jury does not mean any fact that influences judicial discretion must be found by jury); *Prickett v. State*, 856 N.E.2d 1203, 1210 (Ind. 2006) (*Apprendi*, as followed by *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 [2004], inapplicable because restitution historically imposed by judges).

Consistent with this rationale, our Supreme Court in *Carr*, for example, held that a district court's findings did not implicate *Apprendi* because a departure from probation to prison did not increase the defendant's sentence. *Carr*, 274 Kan. at 452. Similar reasoning was utilized by the court in *Day*, the principal case relied upon by the State.

The *Day* court held there was no statutory maximum in the restitution context under federal law because the court had the ability to order an indeterminate amount of restitution based upon the amount of damage and the injury caused by the offense, all of which vary from case to case:

> "Prior to *Southern Union*, every circuit to consider whether *Apprendi* applies to restitution held that it did not. See *United States v. Milkiewicz*, 470 F.3d 390, 403 (1st Cir. 2006) ('[L]ike all of the other circuits to consider this question, we conclude that [*Apprendi* does] not bar judges from finding the facts necessary to impose a restitution order.'). Day argues that we should break ranks with these prior decisions in light of *Southern Union* and apply *Apprendi* to restitution because it is 'similar' to a criminal fine.

> "We decline to take Day's suggested course. As an initial matter, we note that *Southern Union* does not discuss restitution, let alone hold that *Apprendi* should apply to it. Instead, far from demanding a change in tack, the logic of *Southern Union* actually reinforces the correctness of the uniform rule adopted in the federal courts to date. That is, *Southern Union* makes clear that *Apprendi* requires a jury determination regarding any fact that 'increases the penalty for a crime beyond the prescribed statutory maximum.' [Citations omitted.] Thus, in *Southern Union* itself, the *Apprendi* issue was triggered by

10

the fact that the district court imposed a fine in excess of the statutory maximum that applied in that case. [Citation omitted.]

"Critically, however, *there is no prescribed statutory maximum* in the restitution context; the amount of restitution that a court may order is instead indeterminate and varies based on the amount of damage and injury caused by the offense. [Citation omitted.] As a consequence, the rule of *Apprendi* is simply not implicated to begin with by a trial court's entry of restitution." *Day*, 700 F.3d at 732.

Accord *United States v. Green*, 722 F.3d 1146, 1150-51 (9th Cir. 2013) (*Apprendi* inapplicable to restitution); *United States v. Wolfe*, 701 F.3d 1206, 1215-18 (7th Cir. 2012) (same), *cert. denied* 133 S. Ct. 2797 (2013); *United States v. Milkiewicz*, 470 F.3d 390, 402-04 (1st Cir. 2006) (same); *United States v. Reifler*, 446 F.3d 65, 114, 118-20 (2d Cir. 2006) (same); *Dohrmann v. United States*, 442 F.3d 1279, 1281 (11th Cir. 2006) (same); *United States v. Leahy*, 438 F.3d 328, 336-38 (3d Cir. 2006) (same); *United States v. Garza*, 429 F.3d 165, 170 (5th Cir. 2005) (same); *United States v. Sosebee*, 419 F.3d 451, 454, 461-62 (6th Cir.) (same), *cert. denied* 546 U.S. 1082 (2005); *United States v. Carruth*, 418 F.3d 900, 902-04 (8th Cir. 2005) (same); *Wooten*, 377 F.3d at 1144-45 & n.1 (same); *United States v. Rattler*, 139 Fed. Appx. 534, 536 (4th Cir. 2005) (unpublished opinion) (same). Moreover, as the First Circuit of Appeals observed:

"For restitution, however, the jury's finding of guilt leads to only one outcome; in *every* case in which such punishment is imposed, 'the jury's verdict automatically triggers restitution in the "full amount of each victim's losses."' [Citation omitted.] Post-conviction judicial fact-finding to determine that amount 'by no means impos[es] a punishment beyond that authorized by jury-found or admitted facts,' or 'beyond the "statutory maximum" as that term has evolved in the Supreme Court's Sixth Amendment jurisprudence.' [Citations omitted.]" *Milkiewicz*, 470 F.3d at 404.

Because restitution to the victim in the amount of the victim's losses is required upon a guilty verdict under the federal restitution statute and because there is no prescribed

statutory maximum for restitution, restitution is not subject to *Apprendi*. See *Wolfe*, 701 F.3d at 1216-18 (Because there is no statutory maximum for restitution, the Sixth Amendment right to a jury trial does not apply to restitution.).

The same is true for Kansas' restitution statute. In every case, the victim is entitled to restitution based upon the victim's damages to the extent the offense caused such damages, all of which vary from case to case. Unless a plan of restitution is unworkable, there are generally no limits as to what such restitution amounts can be, so *Apprendi* is not implicated. See also *People v. Smith*, 181 P.3d 324, 326-27 (Colo. App. 2007) (statute does not prescribe maximum restitution amount so *Apprendi* inapplicable); *Smith v. State*, 990 N.E.2d 517, 521-22 (Ind. App. 2013) (same); *Commonwealth v. Denehy*, 466 Mass. 723, 736-38, 2 N.E.3d 161 (2014) (same); *State v. Maxwell*, 802 N.W.2d 849, 851-52 (Minn. App. 2011) (same); *State v. Clapper*, 273 Neb. 750, 732 N.W.2d 657 (2007) (same); *State v. Martinez*, 392 N.J. Super. 307, 315-18, 920 A.2d 715 (2007) (same); *State v. Webster*, 220 Or. App. 531, 534-35, 188 P.3d 329 (2008) (same); *State v. Kinneman*, 155 Wash. 2d 272, 280-82, 119 P.3d 350 (2005) (same).

Huff tries to avoid this result by distinguishing the cases that reach this conclusion and arguing it is not determining the amount of restitution that is at issue but the factual findings establishing the causal link between the offense and the victim's damages. We think this is a distinction without a difference. The key here is that restitution is required in every case upon a finding of guilt, and there is no statutory maximum to restitution that could increase the *maximum statutory penalty*. *Apprendi* requires nothing more. The district court did not violate Huff's Sixth Amendment rights by ordering her to pay restitution.

The district court's restitution order is affirmed.