NOT DESIGNATED FOR PUBLICATION

No. 115,153

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OLIVER W. BRADWELL, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed December 9, 2016. Affirmed in part, vacated in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., ARNOLD-BURGER and BRUNS, JJ.

*Per Curiam*: Oliver W. Bradwell Jr. appeals from the district court's summary denial of his pro se motion for ineffective assistance of counsel and from the imposition of restitution. First, Bradwell seeks remand of his ineffective assistance of counsel motion. Second, he contends that restitution violates Section 5 of the Kansas Constitution Bill of Rights and the Sixth Amendment of the United States Constitution. Although we agree that the issue of ineffective assistance of counsel should be remanded, we reject Bradwell's arguments regarding restitution. Thus, we affirm in part, vacate in part, and remand for further proceedings.

1

Bradwell pled guilty to aggravated battery following an incident that occurred at an International House of Pancakes in the early morning hours of August 17, 2014. As part of a plea agreement, the State agreed to recommend the mid number in the appropriate sentencing grid box and to recommend a dispositional departure to probation with community corrections. The State also agreed not to charge Bradwell in an unrelated incident for which he had been arrested on September 3, 2015. Moreover, Bradwell agreed to pay for the victim's medical expenses and to have no contact with the victim.

The plea agreement further provided that the State would not be bound by its terms if Bradwell were arrested, committed a new offense, violated his bond conditions, or failed to appear for a court hearing prior to sentencing. Likewise, Bradwell acknowledged that the plea agreement did not bind the district court. Bradwell also agreed that his defense attorney had done "a good job counseling and assisting [him], and [he was] satisfied with the advice and help [his] lawyer [had] given [him]."

At the plea hearing held on September 4, 2015, the district court reviewed with Bradwell the rights he would be giving up by entering a plea, the possible penalties for aggravated battery, and the terms of the plea agreement. Specifically, the district court advised Bradwell that it was not required to place him on probation but could incarcerate him for his offense. In response, Bradwell indicated that he understood his rights and the terms of the plea agreement. The district court also discussed the sentencing process and answered Bradwell's questions regarding probation. Bradwell was again informed that the plea agreement was not binding upon the district court. At the conclusion of the hearing, Bradwell entered a guilty plea, which the district court accepted.

After Bradwell entered his plea, the district court modified his bond conditions to include pretrial services. Moreover, the district court advised Bradwell that he was

2

required to contact pretrial services. Although the district court stressed the importance of reporting to pretrial services, Bradwell failed to report as ordered. Accordingly, Bradwell's bond was revoked on September 16, 2015, he was taken into custody, and his bond was set at $75,000.

On October 20, 2015, Bradwell moved for a downward dispositional departure to probation. At the sentencing hearing held the following day, the district court found that the State was no longer bound by the plea agreement because of Bradwell's violation of his conditions of release. The State then recommended the district court sentence Bradwell to prison because his actions demonstrated he was not amenable to probation. Bradwell's attorney, however, continued to ask the district court to follow the recommendations set forth in the plea agreement and place his client on probation. Ultimately, the district court denied Bradwell's request for a downward dispositional departure, sentenced him to 45 months of prison time with 36 months of postrelease supervision, and ordered him to pay restitution in the amount of $9,228.24 to reimburse the Crime Victims Compensation Board plus an additional $3,440.06 to be paid to the victim.

On October 29, 2015, Bradwell filed a pro se motion for ineffective assistance of counsel. Bradwell argued his attorney refused to adequately prepare for his case, ignored his requests to withdraw his plea prior to sentencing, and coerced him into signing the plea. Specifically, Bradwell stated that he had "attempted to communicate with [his] attorney several times before sentencing for [the attorney] to file a motion to withdraw [his] plea and . . . [the attorney] told [him] at sentencing that it was too late to do so." On November 4, 2015, Bradwell filed a pro se motion to set aside his plea, arguing that his attorney was not competent, that his attorney misled him into signing the plea agreement, and that he did not understand the plea at the time he pled.

3

In an order entered on November 4, 2015, the district court summarily denied both of Bradwell's pro se motions. In the order, the district court found Bradwell's allegations regarding his claim of ineffective assistance of counsel to be conclusory. It also found that Bradwell's allegations offered in support of his request to withdraw his plea were not credible. The following day, the district court allowed Bradwell to file an untimely notice of appeal.

ANALYSIS

Bradwell raises three issues on appeal. The first issue relates to his motion for ineffective assistance of counsel, contending that the district court erred in not ordering an evidentiary hearing on his motion. The other two issues relate to the restitution he was ordered to pay by the district court. Specifically, Bradwell argues that the Kansas restitution scheme violates the Kansas Constitution and, as applied to him, violates his rights under the Sixth Amendment of the United States Constitution.

*Motion for Ineffective Assistance of Counsel*

We have three options as to how to address a claim of ineffective assistance of counsel on direct appeal:

> "First, an appellate court may follow the general rule and decline to address the issue, leaving the defendant to pursue relief through a timely K.S.A. 60-1507 motion. See *State v. Levy*, 292 Kan. 379, 388-89, 253 P.3d 341 (2011). Second, the appellate court may remand to the district court for examination of the issue in further proceedings pursuant to *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). See *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014) ('The usual course of action is a request by appellate counsel for remand to district court for a hearing on the ineffective assistance claim.'). Finally, although rare, "'there are circumstances when no evidentiary record need be established, when the merit or lack of merit of an ineffectiveness claim about trial counsel is obvious," and an ineffectiveness claim can therefore be resolved' by an

appellate court. 298 Kan. at 839 (quoting *Rowland v. State*, 289 Kan. 1076, 1084-85, 219 P.3d 1212 [2009]); see *State v. Carter*, 270 Kan. 426, 433, 14 P.3d 1138 (2000) (remand would serve no purpose where assessment by trial court unnecessary because record on appeal sufficiently complete for appellate court to decide issue)." *State v. Reed*, 302 Kan. 227, 233-34, 352 P.3d 530, *cert. denied* 136 S. Ct. 344 (2015).

The decision of whether to remand a case to the district court for a *Van Cleave* hearing is within the discretion of the appellate court. *Van Cleave*, 239 Kan. at 119-21. See also *Rowland v. State*, 289 Kan. 1076, 1084-85, 219 P.3d 1212 (2009); *State v. Allen*, No. 101,367, 2010 WL 3636269, at *3 (Kan. App. 2010) (unpublished opinion). To warrant a *Van Cleave* hearing, an appellant "must do more than simply . . . argue that he or she would have handled the case differently." *State v. Levy*, 292 Kan. 379, 389, 253 P.3d 341 (2011). Rather, an appellant must present an appellate court with grounds sufficient to show the alleged claim has some merit. 292 Kan. at 389.

Bradwell requests that this court remand the motion for ineffective assistance of counsel to the district court to determine whether Bradwell asked his attorney to file a motion to withdraw his plea prior to the sentencing hearing. In response, the State indicates that there is no need for an evidentiary hearing because the record demonstrates that Bradwell knowingly and voluntarily pled guilty. Further, the State notes that the same judge who presided over the plea hearing also decided Bradwell's postsentencing motions and, as such, would be in the best position to evaluate whether Bradwell should be allowed to withdraw his plea. The State, however, does not address Bradwell's allegation that his attorney refused his request to file a motion to withdraw his plea prior to sentencing.

Although we take no position regarding whether Bradwell will ultimately be successful in showing that his attorney was ineffective, we find that it is appropriate to remand the motion for ineffective assistance of counsel to the district court for a *Van Cleave* hearing. In particular, we find that the district court should determine whether

5

Bradwell did in fact instruct his attorney to file a motion to withdraw his plea prior to the sentencing hearing and, if so, why his attorney did not do so. Of course, Bradwell will have the burden to establish that the representation fell below an objective standard of reasonableness and that the inadequacy caused him to be prejudiced—meaning there would probably have been a different outcome but for the attorney's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

We also note that a defendant's burden of proof for withdrawing a plea prior to sentencing is different from his or her burden of proof following sentencing. Here, had Bradwell's attorney filed a motion to withdraw plea prior to sentencing, his burden would have been to show good cause as opposed to manifest injustice. K.S.A. 2015 Supp. 22-3210(d). Accordingly, we find that Bradwell has alleged sufficient facts—that he attempted to communicate with his attorney several times prior to sentencing to request that he file a motion to withdraw plea—to justify an evidentiary hearing. We, therefore, vacate the order summarily denying the motion for ineffective assistance of counsel and remand this matter for further proceedings.

*Constitutional Attacks on Criminal Restitution*

Bradwell next contends we should vacate the restitution order entered by the district court. In particular, he contends that the Kansas criminal restitution scheme violates § 5 of the Kansas Constitution Bill of Rights and, as applied to him, violates the Sixth Amendment to the United States Constitution. In response, the State points out that this issue was not raised before the district court. Likewise, the State contends that even if we decide the issue of constitutionality of the Kansas restitution scheme on the merits, Bradwell's challenge must fail.

Determining the constitutionality of a statutory provision presents a question of law subject to unlimited review. *State v. Riojas*, 288 Kan. 379, 388, 204 P.3d 578 (2009).

6

Courts are to presume statutes are constitutional, and we must resolve all doubts in favor of a statute's validity. In other words, we must construe a statute as being constitutionally valid if there is any reasonable way to do so. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014).

As a general rule, constitutional grounds for reversal asserted for the first time on appeal are not properly before us for review. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). However, there are three exceptions to this rule: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Bradwell contends that the first two exceptions are applicable in this case. However, we find that the first exception does not apply because a determination of the restitution issue is not determinative of this case. As indicated above, we are remanding this case for a *Van Cleave* hearing on the issue of ineffective assistance of counsel. In addition, even if we adopted Bradwell's argument and vacated the restitution order, the issue of restitution could still be presented to a jury. Similarly, we find that the second exception does not apply because Bradwell did not object to either the imposition of or the amount of restitution either at sentencing or in his postsentencing motions. See *State v. Jones*, No. 113,044, 2016 WL 852865, at *8-9 (Kan. App. 2016) (unpublished opinion) (citing *United States v. Dudley*, 739 F.2d 175, 179 [4th Cir. 1984]).

In a related issue, Bradwell also argues that the Kansas criminal restitution scheme violates the Sixth Amendment to the United States Constitution, as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Once

7

again, Bradwell failed to raise this issue before the district court and, for the reasons stated above, we decline to address the issue on the merits. Furthermore, even if we were to decide this issue on the merits, we note that a panel of this court in *State v. Huff*, 50 Kan. App. 2d 1094, 1103-04, 336 P.3d 897 (2014), held that the imposition of restitution does not implicate *Apprendi*. Specifically, the *Huff* court reasoned:

"[B]ecause restitution . . . is limited to the victim's actual loss, it lacks a punitive element and therefore is not punishment. [Citations omitted.] Because the key language in *Apprendi* refers to the requirement that any fact which increases the maximum penalty for a crime be proven to a jury and because restitution is not a penalty, Huff's Sixth Amendment rights were not violated when the district court made factual findings to impose a restitution requirements upon her." 50 Kan. App. 2d at 1100.

Regardless of whether restitution is ordered as a condition of probation under K.S.A. 2015 Supp. 21-6607(c)(2)—as it was in *Huff*—or is ordered as part of a prison sentence under K.S.A. 2015 Supp. 21-6604(b)(1)—as it was in the present case, we find the reasoning set forth in *Huff* to be persuasive. Additionally, we note that our Supreme Court has read both statutes as mandating that "'restitution for a victim's damages or loss depends on the establishment of a causal link between the defendant's unlawful conduct and the victim's damages.' [Citation omitted.]" *State v. Dexter*, 276 Kan. 909, 912, 80 P.3d 1125 (2003). Accordingly, restitution is not punishment but rather is restorative in nature. See *State v. Pister*, No. 113,752, 2016 WL 4736619, at *6-7 (Kan. App. 2016) (unpublished opinion). We, therefore, conclude that Bradwell's Sixth Amendment rights have not been violated and that the restitution order entered in this case should be affirmed.

Affirmed in part, vacated in part, and remanded for an evidentiary hearing on the motion for ineffective assistance of counsel.