NOT DESIGNATED FOR PUBLICATION

Nos. 115,556
115,557

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FREDERICK M. STEPHENSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed June 23, 2017. Appeal dismissed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Frederick M. Stephenson pled guilty to burglary and misdemeanor theft in case No. 15CR2424, pursuant to a plea agreement. He pled guilty to possession of methamphetamine in case No. 15CR2960, also pursuant to a plea agreement. As part of the plea agreement, the State recommended the sentences run concurrently, for an anticipated sentence of 32 months' incarceration. Further, Stephenson agreed to pay $2,500 in restitution.

1

The district court sentenced Stephenson to 5 months' imprisonment for burglary and 12 months' imprisonment for misdemeanor theft. It sentenced Stephenson to 32 months' imprisonment for possession of methamphetamine and ordered the sentences run concurrently for a total term of 32 months' incarceration. The district court waived reimbursement of attorney fees because it had ordered $2,500 in restitution pursuant to the plea agreement.

Stephenson appeals and argues the district court erred when it ordered him to pay restitution and made restitution a condition of postrelease supervision. However, there is a question of whether we have jurisdiction to consider Stephenson's appeal.

Pursuant to K.S.A. 2016 Supp. 21-6820(c)(1), an appellate court shall not review "any sentence resulting from an agreement between the State and the defendant which the sentencing court approves on the record." Restitution is undeniably a part of a defendant's sentence. *State v. Huff*, 50 Kan. App. 2d 1094, 1099, 336 P.3d 897 (2014), *rev. denied* 302 Kan. 1015 (2015). The district court accepted Stephenson's plea on the record. It sentenced Stephenson to a total of 32 months' imprisonment, the amount the State recommended in the plea agreement. It also ordered Stephenson to pay $2,500 in restitution pursuant to the plea agreement. Thus, we may not have jurisdiction to consider his appeal. However, we will consider the substance of the appeal in case there is review.

Stephenson argues the district court abused its discretion since it did not find restitution was unworkable. He contends the chance of earning a decent living is minimal given his substantial prison sentence and criminal history. He also argues restitution is unworkable because he is the caregiver for his disabled wife and five children.

"'Questions concerning the "amount of restitution and the manner in which it is made to the aggrieved party" are reviewed under an abuse of discretion standard.'" *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016) (quoting *State v. King*, 288 Kan. 333,

354, 204 P.3d 585 [2009]). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Pursuant to K.S.A. 2016 Supp. 21-6604(b)(1), a sentencing court is required to order restitution "unless [it] finds compelling circumstances which would render a plan of restitution unworkable." The defendant has the burden of providing evidence of compelling circumstances that make the plan of restitution unworkable. *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017).

In *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015), the defendant argued his restitution plan was unworkable based on his lengthy prison sentence and limited earning potential while incarcerated. The Kansas Supreme Court held: "Having presented no evidence of his inability to pay restitution after his possible parole, Alcala failed to sustain his burden of demonstrating the restitution plan was unworkable." 301 Kan. at 840. Similarly, in *Holt*, the Kansas Supreme Court held: "At the sentencing hearing, Holt at most demonstrated his current income and lack of assets. His failure to present evidence of an inability to pay when released did not sustain his burden of proving the restitution order unworkable." 305 Kan. at 843.

Like the defendants in *Holt* and *Alcala*, Stephenson presented no evidence of compelling circumstances that would make his restitution plan unworkable once he was released from prison. Further, on appeal, he presents only a generalized argument. Similar generalized arguments were insufficient in *Holt* and *Alcala.* It is insufficient here as well. Stephenson has not met his burden to show the restitution ordered by the district court was unworkable.

3

Stephenson makes one other argument on appeal which is not properly before us because it was not raised below. An issue not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

Stephenson argues the district court erred when it made payment of restitution a condition of postrelease supervision. He did not raise this argument before the district court. However, even if this issue was properly before us, he would not be entitled to relief because restitution may clearly be a condition of postrelease supervision. K.S.A. 2016 Supp. 22-3717(n) states:

> "*If the court which sentenced an inmate specified at the time of sentencing the amount and the recipient of any restitution ordered as a condition of parole or postrelease supervision,* the prisoner review board shall order as a condition of parole or postrelease supervision that the inmate pay restitution in the amount and manner provided in the journal entry unless the board finds compelling circumstances which would render a plan of restitution unworkable." (Emphasis added.)

Appeal dismissed.