NOT DESIGNATED FOR PUBLICATION

No. 120,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER W. LYON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed April 10, 2020. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS, J., and BURGESS, S.J.

PER CURIAM:  Defendant Tyler Lyon disputes the Sedgwick County District Court's restitution order as unworkable because he will have to pay for roughly 13 years to cover the undisputed amount his victim incurred in medical expenses. He also argues the restitution in criminal cases violates his right to a jury trial preserved in both the Kansas and the United States Constitutions. We find Lyon's arguments unpersuasive and affirm the district court.

1

Lyon pleaded guilty to four criminal charges and no contest to a fifth charge in March 2018, and the district court approved a dispositional sentencing departure to place him on probation for 36 months. Pertinent here, Lyon pleaded guilty to one count of aggravated battery. The district court found the victim sustained serious injuries and incurred $39,201 in medical expenses for care and treatment at a Wichita hospital and from other healthcare providers. The district court ordered Lyon to reimburse those providers.

In determining the restitution amount, the district court asked Lyon about his earning capacity and his existing financial obligations. Based on that inquiry, the district court set the restitution due each of the healthcare providers. Everyone presumed Lyon could pay about $250 a month in restitution, although the district court did not set a specific monthly payment. Lyon has appealed on the grounds the resulting restitution plan is unworkable. See K.S.A. 2017 Supp. 21-6604(b)(1) (district court to order restitution absent "compelling circumstances" rendering plan "unworkable").

On appeal, Lyon challenges the restitution order because of the anticipated duration of his payments—slightly longer than 13 years. He contends that length of time, greatly exceeding the standard probation period, makes the restitution order or plan statutorily unworkable. Lyon does not dispute the amount due the healthcare providers, that the amount bears a sufficient causal connection to his crime of conviction, the general assessment of his ability to pay, or the district court's failure to formally order a monthly payment as part of a designated plan. See *State v. Roberts*, 57 Kan. App. 2d 836, Syl. ¶, ___ P.3d ___, 2020 WL 858103, at * 1 (Kan. App. 2020) (district court must set a periodic payment amount as part of restitution plan), *petition for rev. filed* March 23, 2020.

The amount of restitution and the manner in which restitution should be paid are entrusted to the district court's sound discretion. We review those determinations for

abuse of judicial discretion. *State v. Hand*, 297 Kan. 734, 736-37, 304 P.3d 1234 (2013). A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). To the extent a defendant's challenge to a restitution order turns on the application of a statute or, in this case, a constitutional provision, an appellate court reviews the issue as a matter of law without deference to the district court. *Hand*, 297 Kan. at 737.

Although 13 years may be a long time in some relative sense—it would be to work in a particular job without a raise or to obtain a college degree—it is not, in our view, so long in an absolute sense as to make a restitution order inherently unworkable. The Kansas Supreme Court has stressed that unworkability must be tied to the facts of a given case and invites no "rigid or unyielding definition." *State v. Meeks*, 307 Kan. 813, 819, 415 P.3d 400 (2018). Yet Lyon effectively promotes that sort of durational restriction on restitution orders. Unlike *State v. Herron*, 50 Kan. App. 2d 1058, 1065, 335 P.3d 1211 (2014), this is not a case in which the State's proposed restitution plan adopted by the district court required the defendant to pay for 57 years, a period that ill served the purposes of restitution as a rehabilitative tool and as a compensatory mechanism, while defying the particular defendant's actuarial life expectancy. Lyon offers no other substantial reason the restitution order should be labeled unworkable. We decline to do so.

Lyon next contends restitution deprives criminal defendants of their right to jury trials as guaranteed in the Kansas Constitution Bill of Rights § 5. That section states: "The right of trial by jury shall be inviolate." Basically, Lyon argues that at common law, crime victims would have had to bring civil actions, typically tort claims, against criminal defendants to recover money damages for their losses. In those civil actions, either the

plaintiff or the defendant would be entitled to request a jury trial. Lyon contends restitution, as ordered by the district court in a criminal case, deprives defendants of the jury trials they could insist upon in a tort action.

The argument is flawed in this case for several reasons. Here, Lyon's complaint is not with the amount of the restitution but with the workability or unworkability of the payments because of their duration. The workability or unworkability of a judgment for compensatory damages is not an issue in a tort action, let alone a question of fact for the jury to decide. Moreover, here, the district court ordered Lyon to reimburse the healthcare providers who had not been paid by Lyon's victim. Those healthcare providers would have no civil cause of action against Lyon and presumably could not obtain a valid assignment of his victim's claim for a civil battery. See *Stechschulte v. Jennings*, 297 Kan. 2, 30, 298 P.3d 1083 (2013) ("tort claims generally are not assignable"). So the restitution order here did not in some way supplant a tort action.

Even looking at Lyon's constitutional claim more broadly, the argument is flawed. Statutory restitution does not preclude crime victims from filing civil actions against criminal defendants to recover for their damages. In some instances, restitution would afford those victims something less than a full recovery. Here, for example, the victim Lyons injured would be entitled to seek noneconomic damages for pain and suffering and likely punitive damages in a civil action—potential recoveries wholly unaddressed in the restitution order. Typically, victims do not sue criminal defendants because those defendants have no assets to pay a judgment, and the costs of litigation, then, become prohibitive. Nonetheless, they can sue. And if they do, the defendants have a right to request a jury trial consistent with § 5 of the Kansas Constitution Bill of Rights.

If the statutes governing restitution precluded crime victims from bringing civil actions against criminal defendants for their legal injuries, then those victims might have a claim for a deprivation of their constitutional right to a jury trial. But there is no such

prohibition and no derivative degradation of criminal defendants' right to a jury trial in any civil actions brought against them.

For his third challenge to the restitution order, Lyon contends *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its application in *Alleyne v. United States*, 570 U.S. 99, 103, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), prohibit judicially imposed restitution as a violation of his right to jury trial under the Sixth Amendment to the United States Constitution as incorporated through the Due Process Clause of the Fourteenth Amendment. Those cases recognize that a fact used to impose a punishment greater than either a statutory mandatory minimum punishment or a statutory maximum punishment must be found by a jury beyond a reasonable doubt. *Alleyne*, 570 U.S. at 103; *Apprendi*, 530 U.S. at 476. Lyon's argument fails for two reasons.

First, restitution is not considered punishment in the same way incarceration or a fine paid to the State would be. Rather, it is a rehabilitative and compensatory device designed to aid both convicted criminals and their victims. See *State v. Huff*, 50 Kan. App. 2d 1094, 1100, 336 P.3d 897 (2014); *State v. Heim*, No. 111,665, 2015 WL 1514060, at *2 (Kan. App. 2015) (unpublished opinion) ("Restitution is intended to fairly compensate crime victims and to further the rehabilitation of defendants by instilling in them some sense of the costs their wrongdoing has inflicted."). Although a district court typically enters a restitution order during a sentencing hearing, that doesn't make the order a form of punishment.

Even if restitution were considered punitive and, thus, punishment, Lyon's argument fails. The Kansas statutes governing restitution impose neither mandatory minimum amounts nor maximum amounts. See K.S.A. 2017 Supp. 21-6604(b)(1); K.S.A. 2017 Supp. 21-6607(c)(2). A mandatory minimum would be a specified amount a convicted defendant would have to pay a victim even if the victim had little or no

5

financial loss. The statutes impose no such obligation. The statutes, likewise, fix no cap or upper limit on restitution that might be exceeded only in exceptional circumstances or upon proof of statutorily identified facts. So even if restitution were punitive, the scheme does not entail mandatory minimums or maximums triggering the protections set out in *Alleyne* and *Apprendi*.

Affirmed.