Filed 10/24/23  P. v. Isla CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>REGIE ISLA,<br><br>    Defendant and Appellant. | C097067<br><br>(Super. Ct. No. MANCRFE20190009993) |

After defendant Regie Isla pled guilty to multiple offenses, including committing lewd or lascivious acts with a child, the trial court ordered defendant to pay $3,018,499 in victim restitution.  On appeal, defendant contends that the trial court's restitution order violated his constitutional right to a jury trial.  We will affirm.

1

# I. BACKGROUND[1]

In July 2019, the victim reported to police that defendant had repeatedly sexually abused her. The abuse began when she was 13 years old. The victim told police that defendant would place his mouth on her vagina, penetrate her vagina digitally, and then have sexual intercourse with her several times a week for over six years. The People charged defendant with multiple crimes, including continuous sexual abuse of a child (Pen. Code, § 288.5, subd. (a))[2] and three counts of unlawful sexual abuse (§ 261.5, subd. (d)). Defendant ultimately pled guilty to multiple offenses including committing lewd or lascivious acts with a child under the age of 14 years (§ 288, subd. (a)). At the sentencing hearing, the victim told the court that every day she "still continue[s] to discover all the ways that the abuse [she] suffered ha[d] affected [her] life psychologically, shaped [her] whole being, [and] destroyed [her] teenage and early adulthood that every kid deserves." She reiterated that the sexual abuse occurred "almost every week of every month" and admitted that she "even attempted to take [her] own life." The trial court ultimately sentenced defendant to a total of 6 years in prison, including the middle term of six years for committing lewd or lascivious acts and a concurrent term of two years for another count.

Pursuant to the California Constitution and section 1202.4, the People requested victim restitution, including noneconomic losses for psychological harm. (Cal. Const., art. I, § 28, subd. (b)(13); § 1202.4, subd. (f)(3)(F).) At the restitution hearing, a psychologist and a vocational rehabilitation counselor opined as to the effect of the sexual abuse on the victim personally, as well as on her future life care plan and lost earning capacity. Based on their expert opinions, the trial court ordered defendant to pay

---

[1] We are limiting recitation of the facts to those directly pertinent to defendant's claim to protect the privacy of the victim.

[2] Undesignated statutory references are to the Penal Code.

$3,018,499 in victim restitution, comprised of $626,840 in lost earning capacity, $641,659 for her life care plan, and $1,750,000 for pain and suffering.

Defendant timely appealed.

## II. DISCUSSION

Defendant contends that the trial court's restitution order violated his constitutional right to a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*). More specifically, defendant argues that "[b]ecause restitution for noneconomic losses constitutes punishment . . . the trial court may not impose such restitution above the statutory maximum except upon a jury verdict based on proof beyond a reasonable doubt."

As defendant acknowledges, he did not raise this specific argument below. But even assuming defendant may raise this claim for the first time on appeal, we find it without merit. In *Apprendi, supra*, 530 U.S. 466, the United States Supreme Court held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. Thereafter, the high court applied *Apprendi*'s principle to sentences of criminal fines. (*Southern Union Co. v. U.S.* (2012) 567 U.S. 343, 346.)

The California Courts of Appeal have uniformly held that *Apprendi* and its progeny do not apply to restitution for two reasons. First, victim restitution is not criminal punishment. (See *People v. Pangan* (2013) 213 Cal.App.4th 574, 585 ["[N]either *Southern Union* [nor] *Apprendi* . . . have any application to direct victim restitution, because direct victim restitution is not a criminal penalty"]; *People v. Foalima* (2015) 239 Cal.App.4th 1376, 1398; *People v. Wasbotten* (2014) 225 Cal.App.4th 306, 308-309; *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1184; *People v. Millard* (2009) 175 Cal.App.4th 7, 35.) Rather, "direct victim restitution is a substitute for a civil remedy so that victims of crime do not need to file separate civil suits." (*Pangan, supra*, at p. 585; see also § 1202.4, subd. (a)(3)(B) [victim restitution "shall be enforceable as if

3

the order were a civil judgment"].)  Second, direct restitution is not subject to any statutory maximum.  (*Pangan, supra*, at pp. 585-586; *Foalima, supra*, at p. 1398 ["Section 1202.4 imposes no statutory limits on the amount of direct restitution a court may order"]; *Wasbotten, supra*, at p. 309.)  Federal courts have rejected *Apprendi* challenges to restitution for the same reasons.  (See, e.g., *U.S. v. LaGrou Distribution Systems, Inc.* (7th Cir. 2006) 466 F.3d 585, 593 ["[R]estitution is not a penalty for a crime for *Apprendi* purposes since 'restitution for harm done is a classic civil remedy' "]; *U.S. v. Sosebee* (6th Cir. 2005) 419 F.3d 451, 461 ["[R]estitution orders are not affected by the Supreme Court's ruling in *Apprendi* . . . because the restitution statutes do not specify a statutory maximum"].)

Urging a contrary conclusion, defendant argues that the trial court's restitution award here runs afoul of *Apprendi* because it includes noneconomic restitution.  But this court held in *People v. Smith* (2011) 198 Cal.App.4th 415 (*Smith*) that "a restitution order for noneconomic damages does not give rise to a jury trial right" under the California Constitution and that " 'the preponderance of the evidence standard satisfies due process.' "  (*Id*. at p. 433.)  We reasoned that "there is no basis for distinguishing jury trial rights, or lack thereof, for restitution orders for economic damages and restitution orders for noneconomic damages.  In both cases, the trial court is performing a task that, in a civil case, a jury would perform."  (*Ibid*.)  This same reasoning applies with equal force to the present claim.

Defendant insists *Smith* was wrongly decided because noneconomic restitution "carries a primarily punitive purpose."  In support, he points out that section 1202.4 only provides for noneconomic restitution when defendants are convicted of violating sections 288, 288.5, or 288.7—all of which criminalize child sexual abuse.  By limiting noneconomic restitution to such offenses, defendant submits, the legislature is intending to selectively punish defendants.  We are not convinced.  The purpose of restitution in such cases is not to punish a defendant but to provide compensation to child victims who

4

have endured sexual abuse, which generally has serious and long-term psychological effects. The Senate Committee of Public Safety's analysis of Senate Bill No. 756 (2017-2018 Reg. Sess.), which amended section 1202.4 to provide noneconomic restitution for violations of sections 288.5 and 288.7, explains: "SB 756 will help address the mental health needs of children who are victims of serious sex crimes . . . [by] requir[ing] restitution for the pain and suffering incurred by these victims. The trauma that young children experience from egregious sex crimes takes an enormous psychological toll, leaving them anxious, depressed, withdrawn and even suicidal. To cope, many need the help of a mental health counselor to help understand that they can recover from the abuse, trust adults and lead a normal life." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 756 (2017-2018 Reg. Sess.) Feb. 17, 2017, p. 2.)

In sum, we conclude defendant did not have the right to a jury trial as to victim restitution. Having rejected defendant's claim on the merits, we also reject defendant's alternative claim that trial counsel was constitutionally ineffective for failing to raise the above arguments in the trial court. (See *People v. Lucero* (2000) 23 Cal.4th 692, 732 [" 'Counsel may not be deemed incompetent for failure to make meritless objections' "].)

## III.  DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

DUARTE, Acting P. J.

/S/

WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.