NOT DESIGNATED FOR PUBLICATION

No. 114,804

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JARED M. HARRIS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jackson District Court; MICHEAL A. IRELAND, judge. Opinion filed February 3, 2017. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., POWELL, J., and HEBERT, SJ.

*Per Curiam*:  Jared M. Harris appeals following his conviction by a jury of possession of methamphetamine and possession of drug paraphernalia.  He first contests the district court's summary denial of his oral motions alleging ineffective assistance of counsel.  He further argues that the district court conducted insufficient inquiry into his claims and requests remand for an evidentiary hearing pursuant to *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). Harris also claims that the district court violated his constitutional rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), by using his criminal history to increase his sentence.

1

Finding no error, we affirm the judgments of the district court.

*Factual and Procedural Background*

In November 2012, while police were searching Harris' house pursuant to a warrant in a separate case, officers observed a pink glass pipe on the coffee table containing a white powdery substance. Subsequent testing of the substance determined that it was methamphetamine. The officers also recovered other items they believed were drugs and drug paraphernalia. As a result, the State charged Harris with one count of possession of methamphetamine and one count of possession of drug paraphernalia. The district court held a bench trial at which the court found Harris guilty of both charges.

Harris appealed. This court reversed his convictions, concluding that Harris never properly waived his right to a jury trial and that some of the evidence should have been suppressed. *State v. Harris*, No. 110,228, 2014 WL 6909612, at *4, 8 (Kan. App. 2014) (unpublished opinion).

On remand, Harris was appointed a new attorney, Randy Barker. Before retrial, the district court held a pretrial hearing to address the defense's motions. After the court ruled on the motions, Harris raised his own objections, claiming in part that he did not have a "fair judge." Harris accused the judge of saying at a pretrial proceeding that he was guilty. The district court denied the accusation and responded that a jury, not the judge, would be deciding his case. Barker said he thought Harris was trying to ask the judge to recuse himself. The district judge responded he would not be recusing himself, he had been very fair to Harris, and it was Barker's job to follow the proper procedures if Barker wanted the judge to recuse himself. Harris then said he wanted to file a motion for ineffective assistance of counsel. The court summarily denied the request noting, "You can take that up on appeal again." The case then proceeded to a jury trial and the jury found Harris guilty of both charges.

Following a short recess, the district court proceeded to sentencing. At sentencing, Harris said he had filed a motion for ineffective assistance of counsel claiming he had asked Barker to request a new judge because the same district judge had served in all of his cases, but Barker had not responded to him or filed the motion as requested. The district court told Harris that even if Barker had filed the motion, the court would have denied it. The court explained: "I would not have found that I have any prejudice against you. Two juries found you guilty. I didn't. The bench trial, the evidence was the same as this, even more so, and I found you guilty." Harris then interjected that the judge rules unfairly on objections, but when the court asked what specific objection was unfairly decided at the retrial, Harris replied, "I don't know. I went over there, and you guys are hustling." The court responded that it had called the defense and prosecution attorneys to the bench during trial to inform Barker that he was dangerously close to opening the door to an issue the defense wanted to keep out. The court said that in doing so, it had tried to protect Harris and ensure he received a fair trial. The court denied the motion, instructing Harris he could take up the issue on appeal.

Ultimately, the district court sentenced Harris to 40 months' imprisonment for possession of methamphetamine and 12 months in jail for possession of drug paraphernalia to run consecutive with 12 months' postrelease supervision.

Harris appeals to this court.

*Harris is not entitled to a* Van Cleave *remand.*

Harris argues the district court erred when it denied his motion asserting ineffective assistance of counsel without conducting a proper inquiry into his allegations. According to Harris, this court should remand the case for a hearing to develop the evidentiary record regarding his ineffective assistance of counsel claim. The State counters that the district court had no duty to inquire further about Harris' allegations and

3

that Harris and his appellate counsel did not take the necessary steps to establish that remand is necessary.

The Sixth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights guarantee a criminal defendant the right to the assistance of reasonably effective counsel. *Miller v. State*, 298 Kan. 921, 929, 318 P.3d 155 (2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]); *State v. Cheatham*, 296 Kan. 417, 429-30, 292 P.3d 318 (2013). A defendant can allege ineffective assistance of counsel based on deficient performance or due to a conflict of interest, but the claims may be analyzed differently. *Cheatham*, 296 Kan. at 430; see *State v. Stovall*, 298 Kan. 362, 375, 312 P.3d 1271 (2013). To establish ineffective assistance of counsel based on deficient performance, the defendant must show:  (1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for the attorney's deficient performance, the outcome of the proceeding would have been different. *Cheatham*, 296 Kan. at 431.

Ordinarily an ineffective assistance of counsel claim is not addressed for the first time on direct appeal. *State v. Dull*, 298 Kan. 832, 839, 317 P.3d 104 (2014). This is in part because there has been no opportunity for the parties to develop facts and present evidence regarding the quality of trial representation or to have the district court judge who presided over the proceedings (and is, therefore, likely in the best position to judge the merits) consider and rule on the claims. *Rowland v. State*, 289 Kan. 1076, 1084, 219 P.3d 1212 (2009). Only in rare or extraordinary circumstances is the appellate record sufficient to decide claims of ineffective assistance of counsel for the first time on appeal. *State v. Reed*, 302 Kan. 227, 234, 352 P.3d 530, *cert. denied* 136 S. Ct. 344 (2015); *Trotter v. State*, 288 Kan. 112, 128, 200 P.3d 1236 (2009). As an alternative to requiring the defendant to file a K.S.A. 60-1507 motion, the Kansas Supreme Court developed a procedure for remand to the district court for an evidentiary hearing in *State v. Van*

*Cleave*, 239 Kan. 117, 716 P.2d 580 (1986), on direct appeal. *Rowland*, 289 Kan. at 1084; *Van Cleave*, 239 Kan. 117.

Ultimately, this court has three options in addressing a claim of ineffective assistance of counsel on direct appeal. First, it can follow the general rule and decline to address the issue, leaving the defendant to file a K.S.A. 60-1507 motion for relief. Second, it can remand the case to the district court for an evidentiary hearing (commonly called a *Van Cleave* hearing). Third, in rare and extraordinary circumstances when no evidentiary record is needed, it may rule on the merits. *Reed*, 302 Kan. at 233-34.

"With respect to the ineffective assistance of counsel claim, this court exercises 'its discretion when deciding whether to remand a case for an evidentiary hearing.' *State v. Levy*, 292 Kan. 379, 389, 253 P.3d 341 (2011) (citing [*Van Cleave*, 239 Kan. at 119-21])." *State v. Moyer*, 302 Kan. 892, 928, 360 P.3d 384 (2015). To warrant a *Van Cleave* hearing, an appellant's attorney must do more than read from the cold record of the district court proceedings and argue that he or she would have handled the case differently. *Levy*, 292 Kan. at 389. Rather, unless the complained of conduct is blatantly ineffective, the appellant's attorney must conduct some investigation and provide some ground to show the allegations have some merit. *Levy,* 292 Kan. at 398; *Van Cleave,* 239 Kan. at 120. Harris and his counsel have not provided grounds to justify a *Van Cleave* remand. The only accusations Harris makes against Barker are that he failed to file a motion for recusal of the judge and failed to respond to Harris' request to file such a motion.

The proper procedures for requesting a change of judge are set forth in K.S.A. 20-311d and such a motion must be filed within 7 days after a pretrial hearing or after receiving written notice of the judge. See K.S.A. 20-311f. Harris' untimely and oral motions asserted that his only reason for requesting a recusal was that the same judge had presided over his previous trials. K.S.A. 20-311d(d) specifically provides that previous

adverse rulings or decisions made by the judge are not sufficient legal grounds to show that recusal is warranted based on bias or prejudice. See *State v. Sawyer*, 297 Kan. 902, 305 P.3d 608 (2013).

Under the circumstances, Barker's failure to file a potentially meritless recusal motion is not blatantly ineffective conduct. There is no suggestion that such a motion would have had any merit. Although this may be close to one of those rare instances where the appellate record could be found sufficient, we decline to decide the merits of Harris' ineffective assistance of counsel claim unless it is first brought to the district court in a K.S.A. 60-1507 motion.

Harris also argues the district court had a duty to inquire further about his ineffective assistance of counsel claim based on a district court's obligation to inquire about conflicts of interest. See *State v. Brown*, 300 Kan. 565, 575-77, 331 P.3d 797 (2014). Harris contends that because alleging ineffective assistance of counsel may create a possible conflict of interest between the defendant and his attorney, the district court has an obligation to inquire further about allegations of ineffectiveness. Harris' only support for this assertion is *State v. Drisco*, 355 N.J. Super. 283, 294, 810 A.2d 81 (2002), a distinguishable and inapposite New Jersey case concluding that a defendant's allegation of ineffective assistance of counsel in a previous case may give rise to a possible conflict of interest in a later proceeding involving the same attorney.

Kansas courts have only found a duty to inquire about potential conflicts involving claims of ineffective assistance of counsel when the defendant has filed a motion to withdraw a plea, a motion for a new trial, or a motion for new counsel. See, *e.g.*, *Brown*, 300 Kan. at 574-75; *State v. Prado*, 299 Kan. 1251, 1258, 329 P.3d 473 (2014); *State v. Sharkey*, 299 Kan. 87, 98, 322 P.3d 325 (2014). Harris has not established that Kansas courts have a general duty to inquire into all allegations of ineffective assistance made before or after trial. The district court did not abuse its discretion in failing to inquire

6

further into Harris' claims of ineffective assistance of counsel based in failure to file a motion for recusal of the judge.

*The district court did not err in using Harris' criminal history in imposing his sentences.*

Harris also argues that the district court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution based on *Apprendi*, 530 U.S. 466. He argues that in order to use his prior convictions to increase his sentence, the State was required to prove them to a jury beyond a reasonable doubt. Harris acknowledges that this issue has already been decided adversely to him in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002). Nevertheless, he contends that *Ivory* was wrongly decided and also includes the issue to preserve it for possible federal review.

This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication the Supreme Court is departing from its ruling in *Ivory*. See, *e.g.*, *State v. Williams*, 299 Kan. 911, 941, 329 P.3d 400 (2014) (declining to reconsider *Ivory*).

The judgments and orders of the district court are affirmed.

7